IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **Valley Park Elevator Inc, Debtor**         Case No. 25-00228-JAW
                                                            CHAPTER 11

### PLAN OF REORGANIZATION

Valley Park Elevator, Inc. ("VPE"), Debtor-in-Possession in the above entitled Chapter 11, proposes the following Plan of Organization. The capitalized terms in this Plan shall have the same meaning described or defined in the Disclosure Statement. If a term is not defined in the Disclosure Statement but is defined in the Bankruptcy Code, the definition provided in the Bankruptcy Code will apply.

### Administrative Costs

All allowed expenses of administration of attorneys for the Debtor, to be paid as and when due, to the extent allowed and ordered by the Court.

On February 25, 2025, an Order (Dk # 39) was entered employing Thomas Rollins and David Lynch as attorneys for VPE. At the time of this disclosure statement and Plan being filed, no fee application has been filed on behalf of Debtor's attorneys.

The Debtor/Reorganized Debtor shall pay to the United States Trustee, the appropriate sum required by 28 U.S.C. § 1903(a)(6) within ten (10) days of the entry of an order confirming the Debtor's plan.

The Debtor/Reorganized Debtor shall timely pay to the United States Trustee any and all post confirmation quarterly fees as required by 28 U.S.C. § 1903(a)(6) until such time as this case is converted, dismissed or closed by the court. Additionally, the Debtor/Reorganized Debtor shall submit to the United States Trustee post confirmation monthly operating reports in

the format prescribed by the United States Trustee until such time as this case is converted, dismissed, or closed by the Court.

## Classification and Treatment of Claims

<u>Class 1 Creditors.</u>    Class 1 consists of the administrative claims as follows:

Debtor's counsel, Thomas Rollins and David Lynch shall be paid upon entry of an order approving fees.

<u>Class 2 Creditor.</u>    Class 2 consists of unsecured priority claims of the Internal Revenue Service ("IRS") and Mississippi Department of Revenue ("MDoR") (collectively "Taxing Authority")

The Debtor acknowledges that the IRS and MDoR may assert claims against the Debtor entitled to priority under 11 U.S.C. § 507(a)(8) (the "Priority Tax Claims").  In the event a Taxing Authority amends a previously filed General Unsecured Claim to assert a Priority Tax Claim, such amended Priority Tax Claim shall be paid in cash on the Effective Date of the Plan or as soon as practicable thereafter.

The Debtor reserves the right to object to any Priority Tax Claim.

<u>Class 3 Creditors.</u>    United Bank – Term Loan

United Bank's ("United") claim shall be treated as impaired under this Chapter 11 Plan (the "Plan").  United holds a secured claim against the Debtor, which is secured by a perfected lien on certain real estate owned by the Debtor; and an unperfected lien on a bank account held by the Debtor.  The Debtor shall pay the claim in full on the Effective Date.  United filed a consolidated Proof of Claim encompassing multiple obligations. Upon full payment of the portion of the claim attributable to the term loan, the liens securing that portion shall be deemed satisfied and shall be promptly released and extinguished..

<u>Class 4 Creditors</u>    United Bank – Letters of Credit

Effective as of the Plan Effective Date, the Debtor shall take all necessary actions to cancel Irrevocable Standby Letters of Credit Nos. 111654 and 111655 (the "Letters of Credit") issued by United Bank (the "Issuing Bank").  The Debtor has provided written notice to the Issuing Bank requesting cancellation of the Letters of Credit pursuant to the terms thereof and this Plan.  Issuing Bank shall promptly cancel the Letters of Credit and provide written confirmation of such cancellation to the Debtor upon their expiration on July 31, 2025.

Upon cancellation of the Letters of Credit, the Issuing Bank shall immediately release and return to the Debtor the certificate of deposit in the amount of $500,000 (the "CD") that secures the Letters of Credit.

United Bank shall execute any documents reasonably requested by the Debtor to evidence the release of the CD and termination of any security interest therein.

<u>Class 5 Creditors</u>    U.S. Small Business Administration

U.S. Small Business Administration ("SBA") holds a secured claim against the Debtor, which is secured by:

(a)  A perfected lien on all of Debtor's property.

SBA 's claim shall be treated as unimpaired under this Chapter 11 Plan (the "Plan").  The Debtor shall continue to pay SBA's claim according to the original contract terms, without modification of:

(a) The interest rate;

(b) The maturity date;

(c) The amortization schedule; or

(d) Any other material terms of the original agreement.

SBA shall retain its lien on the Debtor's property to the extent and priority that such lien existed as of the Petition Date. The perfected lien, if any, on Debtor's property shall remain in full force and effect. In the event of a default by the Debtor under this Plan:

(a) SBA shall provide written notice of default to the Debtor and the Debtor's counsel;

(b) The Debtor shall have 14 days from receipt of such notice to cure the default;

(c) If the default is not cured within the cure period, SBA may exercise any remedies available under the original contract and applicable non-bankruptcy law.

<u>Class 6 Creditors.</u>     KCoe Isom, LLP (Unsecured Claim for Pre-petition professional services)

KCoe Isom, LLP's unsecured claim shall be paid in full upon confirmation.

<u>Class 7 Creditors.</u>     Other General Unsecured Creditors

On the Effective Date, each holder of an Allowed General Unsecured Claim, other than KCoe Isom, LLP, shall receive, in full and final satisfaction, settlement, release, and discharge of such Allowed General Unsecured Claim, its Pro Rata share of 100% of the New Common Stock to be issued by the Reorganized Debtor.

The New Common Stock shall be distributed to holders of Allowed General Unsecured Claims in proportion to the amount of each holder's Allowed General Unsecured Claim relative to the aggregate amount of all Allowed General Unsecured Claims.

By accepting the New Common Stock, holders of Allowed General Unsecured Claims shall become the owners of the Reorganized Debtor.

As equity owners of the Reorganized Debtor, holders of the New Common Stock shall have the right to share in any future profits and/or distributions made by the Reorganized Debtor in accordance with applicable law and the Reorganized Debtor's organizational documents.

In exchange for the New Common Stock and rights provided herein, holders of Allowed General Unsecured Claims waive any other rights or claims against the Debtor or Reorganized Debtor.

<u>Class 7 Creditors.</u>     Equity Interests

The interests of equity security holders shall be cancelled and terminated upon confirmation of the Plan of Reorganizations.

<u>Executory Contracts and Unexpired Leases.</u>

The Debtor currently maintains a month-to-month agreement with Rocking B's Enterprises to lease outside facilities at a rate of $1,000.00 per month. In addition, the Debtor pays Rocking B's Enterprises $7,500.00 per barge load for stevedoring services and use of marine equipment. The Debtor assumes this agreement/contract as part of its ongoing operations.

Any other executory contract or unexpired lease that VPE is a party to will be deem rejected as of the effective date unless previously assumed by motion and order of the court. Claims created by the rejection of an executory contract or lease will be served on Debtor's counsel and filed with the court within sixty (60) days after entry of the final Order Confirming the Plan.  Any claim not filed within such time will be forever barred as against the estate and the Debtor.  Claim arising from the rejection of executory contracts or unexpired leases will be treated as

<u>**Means for Execution of the Plan**</u>

The Debtor seeks to confirm a Chapter 11 plan that pays secured claims in full and converts unsecured claims into equity in the Reorganized Debtor.  Under the plan, unsecured creditors will receive an equity interest in the Reorganized Debtor in proportion to their

unsecured claims.  Unsecured creditors will not receive any cash distribution but will instead accept ownership of the Reorganized Debtor and the right to share in future profits and distributions.  The Debtor plans to restructure its business model by shifting from operating as a grain dealer to operating primarily as a grain storage facility.  The Debtor will either establish a line of credit or place the appropriate security bond with the Mississippi Department of Agriculture to secure the necessary Grain Warehouse License to operate as a grain storage facility in accordance with Mississippi Code Ssection 75-44-9.

VPE may amend, modify or withdraw the plan at any time prior to confirmation without the approval of the Court.  After confirmation, VPE may only modify the plan before substantial consummation and with the approval of the Court.

### Revesting of Property

Except as otherwise provided herein or the confirmation order, confirmation of the Plan vests all property of the estate in VPE. Subsequent to confirmation of the Plan, VPE may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

### Invalidation of Liens and Discharge

All liens securing claims which are not allowed pursuant to the provisions of the Plan or Bankruptcy Code §§502 and 506 shall be invalidated and deemed null and void and of no further force in effect. The provisions of the confirmed plan shall bind all creditors and parties in interest whether they accept the plan. Unless otherwise specifically provided to the contrary herein or in the confirmation Order, on or after confirmation, all holders of claims or interest shall be precluded from asserting any claim against VPE or its assets or properties.

Pursuant to section 1141(d) of the Bankruptcy Code and except as otherwise expressly provided in this Plan or the Confirmation Order, upon the Effective Date, which shall be the date

of entry of the Confirmation Order, all pre-petition debts, claims, liens, encumbrances, and liabilities of any kind or nature whatsoever against the Debtor or any of its assets or properties, including, without limitation, interest accrued on such claims from and after the Petition Date, shall be immediately and forever discharged, released, and extinguished.

On and after the Effective Date, the Debtor and its estate shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims and debts that arose before the Confirmation Date, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code; or (iii) the holder of a Claim based upon such debt has accepted the Plan.

The discharge granted hereunder shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim.

Except as otherwise provided in the Plan or Confirmation Order, on and after the Effective Date, all entities who have held, currently hold, or may hold a debt, Claim, or other liability that is discharged are permanently enjoined from taking any of the following actions on account of any such discharged debt, Claim, or other liability: (i) commencing or continuing in any manner any action or other proceeding against the Debtor or its property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property; (iii) creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (v) commencing or

continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

Nothing in this Plan shall be deemed to discharge, release, or otherwise affect any debt or Claim that is not dischargeable under section 1141(d)(2) or section 1141(d)(3) of the Bankruptcy Code or other applicable law.

### United States Trustee's Fees

VPE shall timely pay to the United States Trustee any and all post confirmation quarterly fees as required by 28 U.S.C. §1930(a)6 until such time as this case is converted, dismissed or closed by the Court. VPE shall timely submit to the United State Trustee post confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

### Reservation of Rights to Bring Claims

VPE, as representative of the bankruptcy estate, reserves the exclusive right to initiate and pursue any and all claims and causes of action belonging to the estate, including but not limited to avoidance actions, under the jurisdiction of the courts of the State of Mississippi and subject to the applicable laws and regulations of Mississippi (the "Mississippi Claims") in addition to, and not in limitation of, the Debtor's rights under the Bankruptcy Code.

VPE reserves the right to pursue any and all claims that it may have against related entities and insiders.

Any funds recovered from these causes of action will be used to fund the Plan.

### Modification of the Plan

VPE may propose amendments or modifications of this Plan prior to confirmation, in the manner provided for in 11 U.S.C., §1127, and the applicable Bankruptcy Rules. After

confirmation, Debtor may amend the Plan in the manner provided in 11 U.S.C. §1127, and the applicable Bankruptcy Rules. The notice and hearing required by each Code section shall be given to all creditors. The Court may, at any time, so long as it does not materially or adversely affect the interest of the creditors, remedy any deficit or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effects of the Plan.

### Jurisdiction of the Court

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

A. The classification of the claim of any creditor and the re-examination of the claims that have been allowed for the purpose of determining of such objections as may be filed to creditors' claims. The failure to object to or to examine any claim for the purpose of determining acceptances shall not be deemed to be a waiver of the right to object to or re-examine the claim, in whole or in part.

B. The termination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to pending action as the date of confirmation between the Debtor and any other party, including but not limited to any right of the Debtor to recover assets pursuant to the provisions of the Code.

C. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in this Plan, or in the Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan, on notice or ex parte, as the Court shall determine to be appropriate.

D.  The Modification or enforcement of this Plan after confirmation, pursuant to the Bankruptcy Rules and the Code.

E.  The enforcement and interpretation of the terms and conditions of this Plan.

F.  The entry of any Order necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions, or such title, rights and powers as this Court may deem necessary.

G.  The entry of an Order concluding and terminating this case.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
     Thomas C. Rollins, Jr.
     Attorney for Valley Park Elevator, Inc.

Of Counsel:

| Thomas C. Rollins, Jr. (MSBN 103469) | David R. Lynch (MSBN 102595) |
|---|---|
| The Rollins Law Firm | Lynch Law, PLLC |
| P.O. Box 13767 | P.O. Box 12229 |
| Jackson, MS 39236 | Jackson, MS 39236 |
| 601.500.5333 | (601) 812-5104 |
| trollins@therollinsfirm.com | david@thelynchlawfirm.com |