**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: Valley Park Elevator Inc., Debtor**          **Case No. 25-00228-JAW**
                                                      **CHAPTER 11**

<u>CERTIFICATE OF SERVICE</u>

     I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Plan, Ballot, Orders and Disclosure Statement was forwarded on August 14, 2025, to:

By Electronic CM/ECF Notice:

     U.S. Trustee

                            <u>/s/ Thomas C. Rollins, Jr.</u>
                            Thomas C. Rollins, Jr.

Official Form 314  (02/20)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Southern DISTRICT OF MISSISSIPPI

**IN RE:**   **Valley Park Elevator Inc, Debtor**               **Case No. 25-00228-JAW**
**CHAPTER 11**

# Class ___ Ballot for Accepting or Rejecting Plan of Reorganization

Valley Park Elevator Inc filed a plan of reorganization dated May 29, 2025 (the Plan) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ___ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Thomas C. Rollins, Jr. on or before October 17, 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class _____ claim against the Debtor in the unpaid amount of
_____Dollars ($_____)

*Check one box only*

☐   **Accepts the plan**

☐   **Rejects the plan**

Dated: _____   Print or type name: _____

Signature:   _____ Title _____

Address:   _____

_____

_____

**Return this ballot to:**
Thomas C. Rollins, Jr.
P.O. Box 13767
Jackson, MS 39236



SO ORDERED,

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: July 28, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

In re

VALLEY PARK ELEVATOR INC.,

Debtor.

Case No. 25-00228-JAW

Chapter 11

Hon. Jamie A. Wilson

## AGREED ORDER RESOLVING OBJECTION TO DISCLOSURE STATEMENT

This matter came before the Court upon the *Objection to Disclosure Statement* (Dkt. 66) (the "Objection") filed by Blue Cross & Blue Shield of Mississippi ("BCBSMS"), A Mutual Insurance Company, objecting to the *Disclosure Statement* (Dkt. 60) (the "Disclosure Statement") filed by the above-captioned debtor and debtor in possession (the "Debtor") with respect to its treatment of its BCBSMS Employee Health Benefit Plan (the "Benefit Plan") dated January 1, 2025. The parties have conferred and agree to entry of this Order. Based upon the agreement of the parties, and the Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409 and this matter being a core proceeding under 28 U.S.C. § 157, the Court hereby **ORDERS** as follows:

1.      The Debtor hereby assumes the Benefit Plan.

2.      All terms and conditions of the *Stipulation and Agreed Order Regarding Employee Health Benefit Plan* (Dkt. 55) are incorporated into the *Chapter 11 Plan of Reorganization* (Dkt. 59), including but not limited to the strict-compliance or default provision.

3. Entry hereof constitutes entry of final judgment under the Federal Rules of Bankruptcy Procedure and applicable law.

## ##END OF ORDER##

**AGREED:**

*/s/ Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr.
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, MS 39236
Telephone: (601) 500-5533
trollins@therollinsfirm.com

*Attorney for the Debtor*


**PREPARED AND SUBMITTED BY:**

*/s/ Marcus M. Wilson*
Marcus M. Wilson (Miss. Bar #7308)
BENNETT LOTTERHOS SULSER & WILSON, P.A.
P.O. Box 1488
Madison, MS 39130
Telephone: (601) 944-0466
Facsimile: (601) 944-0467
mwilson@blswlaw.com

*Attorney for Blue Cross & Blue Shield of Mississippi,*
*A Mutual Insurance Company*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:        **Valley Park Elevator Inc, Debtor**             Case No. 25-00228-JAW
                                                                                        CHAPTER 11

### DISCLOSURE STATEMENT

The Debtor-in-Possession in the above entitled Chapter 11 proceeding provides this

Disclosure Statement to all claimants, creditors and interest holders of the Debtor-in-Possession

for the purpose of disclosing that information deemed by the Debtor-in-Possession as material,

important and necessary for such parties to arrive at a reasonably informed decision in

exercising their right to vote upon the Plan of Reorganization ("Plan") of the Debtor-in-

Possession. The original Plan of Reorganization has been filed with the Court Clerk and is being

submitted to all creditors simultaneously with the distribution of this Disclosure Statement.

### Definitions

A.      Allowed Claim. Allowed Claim shall mean a claim (i) in respect of which a

Proof of Claim or Application For Payment has been timely filed with the Court within the

period of limitations to the extent applicable, fixed by Rule 3003, and no objection has been

filed as to the Proof of Claim, or (ii) scheduled in the list of creditors prepared and filed with the

Court pursuant to Rule 1007, as amended, at least ten (10) days prior to the confirmation date

and not listed as disputed, contingent or unliquidated as to amounts, as to which no objection to

the allowance thereof has been interposed within or an Order of the Court entered, or as to

which any such objection has been determined by an Order or Judgment.

B.      Allowed Secured Claim. Allowed Secured Claim shall mean an allowed claim

secured by an enforceable lien, security interest, or other change against, or interest in, property

in which Debtor have an interest.

C.    <u>Allowed Unsecured Claim</u>. Allowed Unsecured Claim shall mean an allowed claim to the extent not secured by an enforceable lien, security interest, or other charge against or interest in property in which Debtor has an interest, or which is not subject to set-off under 5553 of the Code.

D.    <u>Bankruptcy Code</u>. Bankruptcy Code shall mean the codified bankruptcy law as set forth in Title XI of the United States Code and 101, et seq., as amended.

E.    <u>Claim</u>. Claim shall mean any right to claim payment or right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, against Debtor in existence on or as of Petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured or unsecured. "Claim" shall also mean a claim under § 507(a)(1) of the Code for which an Application for Approval is timely filed with the Court.

G.    <u>Class</u>. Class shall mean any class into which allowed claims are classified, pursuant to Article Il.

H.    <u>Code</u>. Code shall mean the Bankruptcy Code, 11 U.S.C., 5101, et seq., and any amendments thereof.

H.    <u>Confirmation Date</u>. Confirmation Date shall mean the date upon which the Order of Confirmation was entered by the Court.

**J.**    <u>Court</u>. Court shall mean the United States Bankruptcy Court for the Southern District of Mississippi, Jackson Division, in which the Debtor's Chapter 11 proceeding, pursuant to which the Plan is proposed, is pending, or such other Court having jurisdiction of this bankruptcy proceeding.

K.    <u>Debtor</u>. "Debtor" shall mean Valley Park Elevator Inc.

L.      <u>Effective Date of Plan</u>. Effective Date of Plan shall be fourteen (14) days from the entry of an Order confirming the Chapter 11 Plan.

M.      <u>Order of Confirmation</u>. Order of Confirmation shall mean the Order entered by the Court confirming this Plan, in accordance with the provisions of Chapter 11 of the Code.

N.      <u>Petition Date</u>. Petition Date shall mean the date on which the Debtor filed its Chapter 11 Petition with the Court.

**P.**      <u>Plan</u>. Plan shall mean this Chapter 11 Plan, as amended, in accordance with the terms hereof or modified in accordance with the Code.

Except as otherwise provided, or unless inconsistent with the manifest intentions of this Plan, all words and phrases shall have the meanings attributed to them in the Code.

<u>Background</u>

Valley Park Elevator, Inc. is a cooperative-owned grain elevator located in Valley Park, Mississippi. It has successfully operated for the benefit of its local farmer owners since 1967. However, due to market conditions beyond the control of VPE, VPE has been unable to be profitable in five of the last six fiscal years creating a severe cash shortfall for the company.

The initial event creating financial VPE was the 2019 flood of the Mississippi River into the Mississippi Delta. This flood caused substantial crop loss to area farmers that were then consequently unable to bring their crops to the elevator. The grain elevator business is typically a low margin, high volume business making such a loss of volume highly detrimental to the financial operations of the business. Nevertheless, due to the strong financial condition of VPE at that time, VPE was able to continue its operations.

Unfortunately, the hits kept coming for VPE. The 2019 flood was followed by more flooding in 2020. 2021 was a good year for both farming and the elevator, but it was followed

by dry conditions in 2022 and 2023. These conditions affected both crop yield and the ability to ship that yield on the Mississippi River. These drought events created low river conditions requiring VPE to incur substantial storage and shipping costs that was unable to offset.  In order to have sufficient cash flow for operations, VPE sought to borrow against its facility for both short and long-term financing. While the loans were helpful in keeping VPE in the short-term, the high costs of the lending facilities only added to the financial strain of VPE.

Due to the severe financial strain of the business, VPE attempted to increase the revenue it earned on the grain it took in from farmers for the 2024 farm season. Unfortunately, this had the secondary effect of reducing the number of farmers bringing grain to the elevator in 2024 creating another substantial loss for VPE for the 2024 fiscal year.

As a result of these events, VPE recognized its insolvency in the fall of 2024 and sought bankruptcy protection in January of 2025.

Financial Information

VPE operations have change dramatically since filing the bankruptcy petition. VPE has determined that it will be best to cease operation as a grain elevator and instead proceed as a grain storage facility.

VPE has a strong cash position and projects that it will have sufficient income to fund the plan as evidenced by the attached cash flow projection.

A Liquidation Analysis is found on Official Form 206Sum found in the schedules attached as Exhibit "A."  The hypothetical liquidation of Debtor's assets would yield little distribution to holders of unsecured claims and it would deprive local farmers of a convenient storage facility for their grain.

VPE's assets are disclosed on Schedules A and B, copies of which are attached hereto and incorporated herein by reference as collective Exhibit "A". VPE's secured and unsecured creditors are reflected in schedules D, E, and F, copies of which are attached hereto and incorporated herein by reference as collective Exhibit "B."

Disclosure of Fees

On February 25, 2025, an Order (Dk # 39) was entered employing Thomas Rollins and David Lynch as attorneys for VPE.  At the time of this disclosure statement and Plan being filed, no fee application has been filed on behalf of debtor's attorneys.

Description of Plan. Method of Execution and Source of Funds

The debtor seeks to confirm a Chapter 11 plan that pays secured claims in full and converts unsecured claims into equity in the reorganized debtor.  Under the plan, unsecured creditors will receive an equity interest in the reorganized debtor in proportion to their unsecured claims.  Unsecured creditors will not receive any cash distribution but will instead accept ownership of the reorganized debtor and the right to share in future profits and distributions.

All allowed expenses of administration of attorneys and certified public accountants for the Debtor, to be paid as and when due, to the extent allowed and ordered by the Court.

The debtor/reorganized debtor shall pay to the United States Trustee, the appropriate sum required by 28 U.S.C. 1903(a)(6)  within ten (10) days of the entry of an order confirming the debtor's plan.

The Debtor/reorganized debtor shall timely pay to the United States Trustee any and all post confirmation quarterly fees as required by 28 U.S.C. 1903(a)(6) until such time as this case is converted, dismissed or closed by the court. Additionally, the debtor/reorganized debtor shall

submit to the United States Trustee post confirmation monthly operating reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

<u>Class 1 Creditors.</u>      Class 1 consists of the administrative claims as follows:

Debtor's counsel Thomas Rollins, and David Lynch – shall be paid upon entry of an order approving fees.

<u>Class 2 Creditor.</u>      Class 2 consists of unsecured priority claims of the Internal Revenue Service ("IRS") and Mississippi Department of Revenue ("MDoR") (collectively "Taxing Authority")

The Debtor acknowledges that the IRS and MDoR may assert claims against the Debtor entitled to priority under 11 U.S.C. 507(a)(8) (the "Priority Tax Claims").

In the event a Taxing Authority amends a previously filed General Unsecured Claim to assert a Priority Tax Claim, such amended Priority Tax Claim shall receive a Pro Rata share of the Net Distributable Assets in cash on the Effective Date of the Plan or as soon as practicable thereafter, before any distribution is made to the holders of Allowed General Unsecured Claims or equity security holders.

The Debtor reserves the right to object to any Priority Tax Claim.

<u>Class 3 Creditors.</u>      United Bank – Term Loan

United holds a secured claim against the Debtor, which is secured by a perfected lien on certain real estate owned by the Debtor; and an unperfected lien on a bank account held by the Debtor.  The Debtor shall pay this claim in full on the Effective Date.

<u>Class 4 Creditors</u>      United Bank – Letters of Credit

Effective as of the Plan Effective Date, the Debtor shall take all necessary actions to cancel Irrevocable Standby Letters of Credit Nos. 111654 and 111655 (the "Letters of Credit") issued by United Bank (the "Issuing Bank"). The Letters of Credit shall be deemed cancelled as of their expiration date, July 31, 2025.

<u>Class 5 Creditors</u>      U.S. Small Business Administration

SBA's claim shall be treated as unimpaired under this Chapter 11 Plan (the "Plan").

<u>Class 6 Creditors.</u>      <u>KCoe Isom, LLP (Unsecured Claim for Pre-petition professional services)</u>

KCoe Isom, LLP's unsecured claim shall be paid in full upon confirmation.

<u>Class 7 Creditors.</u>      Other General Unsecured Creditors

On the Effective Date, each holder of an Allowed General Unsecured Claim, other than KCoe Isom, LLP, shall receive, in full and final satisfaction, settlement, release, and discharge of such Allowed General Unsecured Claim, its Pro Rata share of 100% of the New Common Stock to be issued by the Reorganized Debtor.

<u>Class 5 Creditors.</u>      Equity Interests

The interests of equity security holders shall be cancelled and terminated upon confirmation of the Plan of Reorganizations.

Executory Contracts and Unexpired Leases.

The Debtor currently maintains a month-to-month agreement with Rocking B's Enterprises to lease outside facilities at a rate of $1,000.00 per month. In addition, the Debtor pays Rocking B's Enterprises $7,500.00 per barge load for stevedoring services and use of marine equipment. The Debtor assumes this agreement/contract as part of its ongoing operations.

Any other executory contract or unexpired lease that VPE is a party to will be deemed rejected as of the Effective Date unless previously assumed by motion and order of the court. Claims created by the rejection of an executory contract or lease will be served on Debtor's counsel and filed with the court within sixty (60) days after entry of the final Order Confirming the Plan. Any claim not filed within such time will be forever barred as against the estate and the Debtor. Claims arising from the rejection of executory contracts or unexpired leases will be treated as Class 4 General Unsecured Creditors.


Modification or Withdrawal of the Plan.

VPE may amend, modify or withdraw the plan at any time prior to confirmation without the approval of the Court. After confirmation, VPE may only modify the plan before substantial consummation and with the approval of the Court.

### Description of Post-Confirmation Management

The management to VPE shall remain the same as the pre-petition and post-petition management.

### Tax Consequences

There are no known tax consequences that would be the result of confirmation of the Plan. PARTIES IN INTEREST SHOULD CONULT WITH INDEPENDENT TAX ADIVSORS

REGARDING THEIR INDIVIDUAL TAX CONSEQUENCES OR LIABILITIES RELATED TO THE TRANACTIONS CONTEMPLATED IN THE PROPOSED PLAN.

<u>Description of Pending/Contemplated Litigation</u>

VPE, as representative of the bankruptcy estate, reserves the exclusive right to initiate and pursue any and all claims and causes of action belonging to the estate, including but not limited to avoidance actions, under the jurisdiction of the courts of the State of Mississippi and subject to the applicable laws and regulations of Mississippi (the "Mississippi Claims") in addition to, and not in limitation of, the Debtor's rights under the Bankruptcy Code.

Any funds recovered from these causes of action will be used to fund the Plan.

<u>Consequences of Denial of Confirmation</u>

Chapter 11 provides a structured process for the Debtor to restructure its business. The Debtor has provided a viable plan to continue operations. A Chapter 7 trustee would be in a worse position to maximize the value of debtor's assets. Dismissal of the case would result in unequal treatment of unsecured creditors. Confirmation of the Chapter 11 Plan in the best interest of all parties in interest.

Respectfully submitted,

By: <u>/s/ Thomas C. Rollins Jr.</u>
    Thomas C. Rollins, Jr.
    Attorney for Valley Park Elevator Inc.

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601.500.5333
<u>trollins@therollinsfirm.com</u>

**Fill in this information to identify the case:**

Debtor name **Valley Park Elevator Inc**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known) **25-00228**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          **12/15**

<u>Part 1:</u>   **Summary of Assets**

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*........................................................................................   $   _3,676,065.00_

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*.....................................................................................   $   _2,977,063.00_

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*.......................................................................................   $   _6,653,128.00_

<u>Part 2:</u>   **Summary of Liabilities**

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................   $   _1,869,610.92_

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*.........................................................   $   _0.00_

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.................................   +$   _8,063,999.05_

4.   **Total liabilities** ...................................................................................................................
   Lines 2 + 3a + 3b   $   _9,933,609.97_



DEBTOR'S EXHIBIT

**A**

The Rollins Law Firm, PLLC

**Fill in this information to identify the case:**

Debtor name  **Valley Park Elevator Inc**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known)  **25-00228**

Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

  *Schedule H: Codebtors* (Official Form 206H)

  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

  Amended *Schedule*

  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

  Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February  6, 2025**  X **/s/ David Johnson**
            Signature of individual signing on behalf of debtor

            **David Johnson**
            Printed name

            **President**
            Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: **Valley Park Elevator Inc**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known): **25-00228**

☐ Check if this is an amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property      12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:      Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.      **Cash on hand** | **$431.17** |

3.      **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.      **United Bank CD** | | | **$400,000.00** |
| 3.2.      **Bank of Anguilla - Checking** | | | **$71,787.78** |
| 3.3.      **United Bank - Savings** | | | **$5,904.85** |
| 3.4.      **River Hills Bank - Checking** | | | **$500,600.25** |
| 3.5.      **FCSSTONE HEDGE** | | | **$135.23** |
| 3.6.      **River Hills Bank - Money Market** | | | **$1,051.03** |

Debtor   **Valley Park Elevator Inc**
Name

Case number *(If known)*  **25-00228**

| | | | |
|---|---|---|---|
| 3.7. | **United Bank - Checking** | | $1,459,657.45 |

**4.**   Other cash equivalents *(Identify all)*

| | | | |
|---|---|---|---|
| 4.1. | **Life Insurance cash surrender value** | | $426,224.90 |

**5.**   **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $2,865,792.66 |
|---|

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

No.  Go to Part 3.
Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

No.  Go to Part 4.
Yes Fill in the information below.

**11.**   **Accounts receivable**

| 11a. 90 days old or less: | 44,354.04 | - | 0.00 | = .... | $44,354.04 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |
| 11a. 90 days old or less: | 0.00 | - | 0.00 | = .... | $0.00 |
| | face amount | | doubtful or uncollectible accounts | | |
| 11a. 90 days old or less: | 4,886.53 | - | 0.00 | = .... | $4,886.53 |
| | face amount | | doubtful or uncollectible accounts | | |
| 11a. 90 days old or less: | 56,229.77 | - | 0.00 | = .... | $56,229.77 |
| | face amount | | doubtful or uncollectible accounts | | |

**12.**   **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| $105,470.34 |
|---|

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

No.  Go to Part 5.
Yes Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.**   **Mutual funds or publicly traded stocks not included in Part 1**

Debtor    **Valley Park Elevator Inc**                                          Case number *(if known)* **25-00228**
_____Name_____

Name of fund or stock:

15.    **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                                    % of ownership
        **Stock in grain elevator - book value**
        **$763,157.63, real value uncertain**
        **Farmers Grain Terminal, Inc**
        **P.O. Drawer 1796**
15.1.  **Greenville, MS 38702-1796** _____ _____ % _____          **Unknown**

16.    **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17.    **Total of Part 4.**                                                                | **$0.00** |
Add lines 14 through 16.  Copy the total to line 83.

| Part 5: | **Inventory, excluding agriculture assets** |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    No.  Go to Part 6.
    Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    No.  Go to Part 7.
    Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    No.  Go to Part 8.
    Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** **Office Furniture and Equptment** | **$5,300.00** | | **$5,300.00** |

40.    **Office fixtures**

41.    **Office equipment, including all computer equipment and communication systems equipment and software**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**                                                                | **$5,300.00** |
Add lines 39 through 42.  Copy the total to line 86.

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
        No
        Yes

Official Form 206A/B              Schedule A/B Assets - Real and Personal Property              page 3

Debtor    **Valley Park Elevator Inc**                          Case number *(if known)*  **25-00228**
          Name

45.       **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
          No
          Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

No. Go to Part 9.
Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48.   **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 49.   **Aircraft and accessories** | | | |
| 50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| **1993 Caterpillar Forklift** | **$0.00** | | **$500.00** |

51.       **Total of Part 8.**                                                                      **$500.00**
          Add lines 47 through 50.  Copy the total to line 87.

52.       **Is a depreciation schedule available for any of the property listed in Part 8?**
          No
          Yes

53.       **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
          No
          Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

No. Go to Part 10.
Yes Fill in the information below.

55.       **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. | | | | |
| **Land** | | **$0.00** | | **$26,250.00** |

Debtor    **Valley Park Elevator Inc**                                    Case number *(If known)* **25-00228**
          Name

| | | | | |
|---|---|---|---|---|
| 55.2. | **Plant and Equiptment- see attached** | | $7,203,899.00 | | $3,601,950.00 |
| 55.3. | **2 Houses located on the real estate which are used for storage, breakroom and grain testing** | | $0.00 | | $47,865.00 |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
   Copy the total to line 88.

   | $3,676,065.00 |
   |---|

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   No

   Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   No

   Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

   No.  Go to Part 11.

   Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   No.  Go to Part 12.

   Yes Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

71. **Notes receivable**
   Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
   Description (for example, federal, state, local)
   **As of 6/30/2023, the NOL was $333,604. Remaining NOLs include $145,155 from 6/30/2020 and $431,833 from 6/30/2021, totaling $910,592.**

   **2024 NOL unknown**                              Tax year _____    $0.00

73. **Interests in insurance policies or annuities**

   **New York Life - Cash Value disclosed above**                              Unknown

Debtor   **Valley Park Elevator Inc**                    Case number *(If known)*  **25-00228**
_____
Name

**Nationwide Agribusiness Insurance Company:**
**Commercial Geneal Liability**
**Automobile Liability**
**Umbrells**
**Workers Comp**
**Property**                                                                   **Unknown**
_____       _____

---

74.   **Causes of action against third parties (whether or not a lawsuit**
      **has been filed)**
      **Avoidance actions, along with other claims and causes**
      **of action arising from pre-petition payments and**
      **conduct, are currently under investigation. This**
      **information will be supplemented as additional details**
      **become available.**                                                    **Unknown**
                                                                        _____
      **Nature of claim**         _____
      **Amount requested**                          **$0.00**

---

75.   **Other contingent and unliquidated claims or causes of action of**
      **every nature, including counterclaims of the debtor and rights to**
      **set off claims**

76.   **Trusts, equitable or future interests in property**

77.   **Other property of any kind not already listed** *Examples:* Season tickets,
      country club membership

78.   **Total of Part 11.**                                             | **$0.00** |
      Add lines 71 through 77. Copy the total to line 90.

79.   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
         No
         Yes

Debtor **Valley Park Elevator Inc**  Case number *(If known)* **25-00228**
Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $2,865,792.66 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $105,470.34 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $5,300.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $500.00 | |
| 88. **Real property.** *Copy line 56, Part 9*...............................................> | | $3,676,065.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* + | $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,977,063.00 + 91b. | $3,676,065.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $6,653,128.00 |

| Location Number | Building / Structural # | Building Description | Industry | Asset Type | Story Height | # of Stories | Sprinklered | Original Yr. Built | Construction Type | Unit of Measure | Capacity | CoreLogic/TKE | Building Limit - Policy | Estimated Value | % of ITV - Policy | Loss Settlement - Policy | BPP limit - Policy | Stock limit - Policy | BI limit - Policy | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | Hopper Bottom Tank 12KBU 1 of 2 | GRAIN | Bin - Hopper Bottom | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel | 12500 | $147,625 | $110,000 | $55,000 | 74% | ACV | | | | |
| 1 | 2 | Hopper Bottom Tank 12KBU 2 of 2 | GRAIN | Bin - Hopper Bottom | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel | 12500 | $147,625 | $110,000 | $55,000 | 74% | ACV | | | | |
| 1 | 3 | Tank No. 3 100KBU | GRAIN | Bin Corrugated Steel Slab Foundation | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel | 100000 | $449,000 | $331,500 | $165,750 | 73% | ACV | | | | |
| 1 | 4 | Tank No. 4 100KBU | GRAIN | Bin Corrugated Steel Slab Foundation | | | FALSE | 2006 | ISO 3 - Non Combustible | Bushel | 100000 | $449,000 | $331,500 | $165,750 | 73% | ACV | | | | |
| 1 | 5 | Tank No. 5 300KBU | GRAIN | Bin Corrugated Steel Slab Foundation | | | FALSE | 1995 | ISO 3 - Non Combustible | Bushel | 300000 | $891,000 | $475,000 | $237,500 | 53% | ST-ACV | | | | |
| 1 | 6 | Tank No. 6 300KBU | GRAIN | Bin Corrugated Steel Slab Foundation | | | FALSE | 1995 | ISO 3 - Non Combustible | Bushel | 300000 | $891,000 | $475,000 | $237,500 | 53% | ST-ACV | | | | |
| 1 | 7 | Tank No. 7 500KBU | GRAIN | Bin Corrugated Steel Raised Foundation | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel | 500000 | $1,860,000 | $1,250,000 | $625,000 | 67% | ACV | | | | |
| 1 | 8 | Tank No. 8 600KBU | GRAIN | Bin Corrugated Steel Raised Foundation | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel | 600000 | $1,788,000 | $1,375,000 | $687,500 | 76% | ACV | | | | |
| 1 | 9 | Overhead Loadout over Scale 2 8KBU | GRAIN | Bin - Overhead Loadout | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel | 8000 | $200,720 | $116,000 | $58,000 | 57% | ST-ACV | | | | |
| 1 | 10 | Outdoor Ground Pile 525KBU | GRAIN | Outdoor Ground Pile - Covered Bunker (includes equipment) | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel | 515000 | $643,750 | $175,000 | $87,500 | 27% | ST-ACV | | | | |
| 1 | 11 | LEASED OUT WAREHOUSE 4560SQFT | INDUSTRIAL | Warehouse, Light | 15 | 1 | FALSE | 1995 | ISO 5 - Non Combustible | SF | 4560 | $364,557 | $96,000 | $48,000 | 26% | ST-ACV | | | | |
| 1 | 12 | Office adjacent to SE side of tanks 11525QFT | OFFICES | Office, Low Rise (1 to 4 Stories) | 15 | 1 | FALSE | 1995 | ISO 1 - Frame | SF | 1152 | $215,081 | $135,720 | $67,860 | 63% | ST-ACV | | | | |
| 1 | 13 | Truck Scale 1 OF 3 50T Fairbanks | GENERAL | Truck Scale | | | FALSE | 1998 | ISO 3 - Non Combustible | Tons | 50 | $131,250 | $105,000 | $52,500 | 80% | ACV | | | | |
| 1 | 14 | Truck Scale 2 OF 3 75T Rice Lakes | GENERAL | Truck Scale | | | FALSE | 2008 | ISO 3 - Non Combustible | Tons | 75 | $196,875 | $125,000 | $62,500 | 63% | ST-ACV | | | | |
| 1 | 15 | Truck Scale 3 of 3 75T Rice Lakes | GENERAL | Truck Scale | | | FALSE | 2008 | ISO 3 - Non Combustible | Tons | 75 | $196,875 | $125,000 | $62,500 | 63% | ST-ACV | | | | |
| 1 | 16 | Truck Load Out and Receiving Shed 12105F | GRAIN | Truck Load Out and Receiving Shed | | | FALSE | 2008 | ISO 3 - Non Combustible | SF | 1210 | $86,648 | $47,000 | $23,500 | 54% | ST-ACV | | | | |
| 1 | 17 | Outdoor Truck Receiving Pit 16K BUHR | GRAIN | Outdoor Truck Receiving Pit (not including bucket elevator or building) | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel | 16000 | $756,960 | $128,000 | $64,000 | 16% | ST-ACV | | | | |
| 1 | 18 | Overhead load out bin over scale 2200BU | GRAIN | Bin - Overhead Loadout | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel | 2200 | $55,196 | $28,547 | $14,274 | 51% | ST-ACV | | | | |
| 1 | 19 | Truck Load Out and Receiving Shed 1890SF | GRAIN | Truck Load Out and Receiving Shed | | | FALSE | 2008 | ISO 3 - Non Combustible | SF | 1890 | $135,243 | $74,000 | $37,000 | 54% | ST-ACV | | | | |
| 1 | 20 | Elevator Leg 1 105FT 16K BUHR | GRAIN | Bucket Elevator 105' Discharge Height | | | FALSE | 1995 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $293,465 | $85,000 | $42,500 | 29% | ST-ACV | | | | |
| 1 | 21 | Load Out Little Leg 105FT 12K BUHR | GRAIN | Bucket Elevator 105' Discharge Height | | | FALSE | 2002 | ISO 3 - Non Combustible | Bushel/HR | 12000 | $219,062 | $75,000 | $37,500 | 34% | ST-ACV | | | | |
| 1 | 22 | Truck Load Out and Receiving Shed 18045F | GRAIN | Truck Load Out and Receiving Shed | 15 | 1 | FALSE | 2008 | ISO 3 - Non Combustible | SF | 1904 | $136,345 | $74,000 | $37,000 | 54% | ST-ACV | | | | |
| 1 | 23 | BUCKET ELEVATOR 135FT 16K BUHR | GRAIN | Bucket Elevator 135' Discharge Height (W/ Support Tower) | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $768,113 | $85,000 | $42,500 | 11% | ST-ACV | | | | |
| 1 | 24 | CGI Elevator Leg west of office 135FT 16K BUHR | GRAIN | Bucket Elevator 135' Discharge Height (W/ Support Tower) | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $768,113 | $85,000 | $42,500 | 11% | ST-ACV | | | | |
| 1 | 25 | Lab and Breakroom | INDUSTRIAL | Production Laboratory | | | FALSE | 1968 | ISO 2 - Joisted Masonry | SF | 1500 | $408,218 | $30,000 | $15,000 | 7% | ST-ACV | | | | |
| 1 | 26 | Dwelling used as Misc Storage Bldg by Lab Bldg | LODGING | House, Single Family | 15 | 1 | FALSE | 1968 | ISO 2 - Joisted Masonry | SF | 1500 | $208,901 | $30,000 | $15,000 | 13% | ST-ACV | | | | |
| 1 | 27 | Truck Probe | GRAIN | Grain Probe | | | FALSE | 2008 | ISO 3 - Non Combustible | Each | 1 | $25,000 | $20,000 | $10,000 | 60% | ACV | | | | |
| 1 | 28 | Site 19 Leg Tower 130FT 16K BUHR | GRAIN | Bucket Elevator 130' Discharge Height (W/ Support Tower) | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $757,858 | $125,000 | $62,500 | 16% | ST-ACV | $100,000 | $16,500,000 | $2,000,000 | |
| 1 | 29 | Site between tanks 3 4 5 and 5 6 support towers | GRAIN | Bucket Elevator 105' Discharge Height (W/ Support Tower) | | | FALSE | 1995 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $586,930 | $40,000 | $20,000 | 6% | ST-ACV | | | | |
| 1 | 30 | Site between 8 & 10 supports pod conveyor | GRAIN | Bucket Elevator 15 Discharge Height (W/ Support Tower) | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | | $20,000 | $10,000 | 37 | ST-ACV | | | | |
| 1 | 31 | Bottom reclaim belt in tunnel 1 thru 6 | GRAIN | Conveyor 140' | | | FALSE | 1995 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $164,078 | $30,000 | $15,000 | 18% | ST-ACV | | | | |
| 1 | 32 | Bottom reclaim GSI drag under tank 7 | GRAIN | Conveyor 135' | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $160,145 | $55,000 | $27,500 | 34% | ST-ACV | | | | |
| 1 | 33 | GSI Incline drag tank 7 to Pit 3 drag | GRAIN | Conveyor 70' | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $93,118 | $35,000 | $17,500 | 37% | ST-ACV | | | | |
| 1 | 34 | Bottom reclaim GSI drag under tank 8 | GRAIN | Conveyor 125' | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $152,385 | $55,000 | $27,500 | 36% | ST-ACV | | | | |
| 1 | 35 | Bottom reclaim GSI drag under pit 2 | GRAIN | Conveyor 70' | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $93,118 | $28,000 | $14,000 | 30% | ST-ACV | | | | |
| 1 | 36 | GSI incline pit 2 drag to elevator site 20 | GRAIN | Conveyor 70' | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $93,118 | $28,000 | $14,000 | 30% | ST-ACV | | | | |
| 1 | 37 | 1 of 2 Extrusion overhead drag leg on site map 15 known as Leg 1. North drag discharge tank 6 | GRAIN | Conveyor 100' | | | FALSE | 2020 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $126,402 | $65,000 | $32,500 | 51% | ST-ACV | | | | |
| 1 | 38 | 2 of 2 Extrusion overhead drag leg on site map 15 known as Leg 1. South drag discharges tank 5 | GRAIN | Conveyor 100' | | | FALSE | 2020 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $126,402 | $65,000 | $32,500 | 51% | ST-ACV | | | | |
| 1 | 39 | GSI overhead conveyor to tanks 5 & 7 referred to as Silver drag | GRAIN | Conveyor 240' | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel/HR | 16000 | | $95,000 | $47,500 | 35 | ST-ACV | | | | |
| 1 | 40 | GSI overhead Incline conveyor above to tank number 7 | GRAIN | Conveyor 140' | | | FALSE | 2001 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $164,078 | $55,000 | $27,500 | 33% | ST-ACV | | | | |
| 1 | 41 | GSI overhead bin from leg 2 to tank 8 | GRAIN | Conveyor 125' | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $152,385 | $45,000 | $22,500 | 29% | ST-ACV | | | | |
| 1 | 42 | GSI overhead conveyor from tank 8 out to ground pod tower | GRAIN | Conveyor 125' | | | FALSE | 2008 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $152,385 | $45,000 | $22,500 | 29% | ST-ACV | | | | |
| 1 | 43 | Sign | MANUAL ENTRY | Sign | | | FALSE | | | | | | | $0 | | EXC | | | | |
| 1 | 44 | Canopy | FUEL | Gas Canopy | | | FALSE | | | | | $61 | | $0 | | EXC | | | | |
| 2 | 1 | GSI Hopper Bottom 20KBU | GRAIN | Bin - Hopper Bottom | 15 | 1 | FALSE | 2014 | ISO 3 - Non Combustible | Bushel | 20000 | $231,600 | $80,000 | $40,000 | 34% | ST-ACV | $50,000 | $250,000 | $600,000 | |
| 2 | 2 | Toms Truck Scale 60T | GENERAL | Truck Scale | 15 | 1 | FALSE | 2014 | ISO 3 - Non Combustible | Tons | 65 | $170,625 | $24,000 | $12,000 | 14% | ST-ACV | | | | |
| 2 | 3 | Intersystems Super Truck Probe | GRAIN | Grain Probe | | | FALSE | 2014 | ISO 3 - Non Combustible | Each | 1 | $25,000 | $20,000 | $10,000 | 80% | ACV | | | | |
| 2 | 4 | Dump Pit Drag Conveyor to Leg 120FT 16K BUHR | GRAIN | Conveyor 140' | 15 | 1 | FALSE | 2014 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $114,595 | $55,000 | $27,500 | 47% | ST-ACV | | | | |
| 2 | 5 | Hopper Tank 500BU | GRAIN | Bin - Hopper Bottom | 15 | 1 | FALSE | 2014 | ISO 3 - Non Combustible | Bushel | 500 | $5,790 | $4,632 | $2,316 | 80% | ACV | | | | |
| 2 | 6 | Leg Distributor Load out spout K Valve 65FT 16K BUHR | GRAIN | Bucket Elevator 65' Discharge Height (W/ Support Tower) | 15 | 1 | FALSE | 2014 | ISO 3 - Non Combustible | Bushel/HR | 16000 | $430,929 | $115,000 | $57,500 | 26% | ST-ACV | | | | |
| 2 | 7 | Leased Module Office 1000SF | OFFICES | Office, Low Rise (1 to 4 Stories) | 15 | 1 | FALSE | 2020 | ISO 3 - Non Combustible | SF | 1000 | $234,782 | $22,000 | $11,000 | 5% | ST-ACV | | | | |
| | | | | | | | | | | | | | TOTALS: | $16,509,416 | | $7,203,899 | | | $3,601,950 | |

**Fill in this information to identify the case:**

Debtor name   **Valley Park Elevator Inc**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known)   **25-00228**

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property   12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1  Small Business Adminis**<br>Creditor's Name<br><br>**P.O. Box 740192**<br>**Atlanta, GA 30374-0192**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**Plant and Equiptment- see attached** | $470,300.22 | $3,601,950.00 |

Creditor's email address, if known

Describe the lien

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.
   **1. United Bank**
   **2. Small Business Adminis**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| | | | |
|---|---|---|---|
| **2.2  United Bank**<br>Creditor's Name<br><br>**PO Box 8**<br>**Atmore, AL 36504**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**Plant and Equiptment, Land** | $1,399,310.70 | $3,601,950.00 |

Creditor's email address, if known

Describe the lien

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

Official Form 206D                    Schedule D: Creditors Who Have Claims Secured by Property                    page 1 of 2

**DEBTOR'S EXHIBIT**
# B

The Rollins Law Firm, PLLC

| Debtor | **Valley Park Elevator Inc** | Case number (if known) | **25-00228** |
|---|---|---|---|
| | Name | | |

|  |  |
|---|---|
| No | Contingent |
| Yes. Specify each creditor, including this creditor and its relative priority. | Unliquidated |
| **Specified on line 2.1** | Disputed |

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | **$1,869,610.92** |
|---|---|---|

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **U.S. Attorney's Office**<br>**501 E Court St**<br>**Ste. 4.430**<br>**Jackson, MS 39201** | Line  **2.1** | |
| **US Attorney General**<br>**US Dept of Justice**<br>**950 Pennsylvania AveNW**<br>**Washington, DC 20530-0001** | Line  **2.1** | |

**Fill in this information to identify the case:**

Debtor name  **Valley Park Elevator Inc**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known)   **25-00228**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                      12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   No. Go to Part 2.

   Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**Internal Revenue Servi<br>c/o US Attorney<br>Ethridge Building<br>900 Jefferson Ave<br>Oxford, MS 38655**<br><br>Date or dates debt was incurred<br><br>Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:<br><br>Is the claim subject to offset?<br>☐ No<br>☐ Yes | **Unknown** | **$0.00** |
| **2.2** Priority creditor's name and mailing address<br>**MS Dept of Revenue<br>Bankruptcy Section<br>PO Box 22808<br>Jackson, MS 39225-2808**<br><br>Date or dates debt was incurred<br><br>Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:<br><br>Is the claim subject to offset?<br>☐ No<br>☐ Yes | **Unknown** | **$0.00** |

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Valley Park Elevator Inc** | Case number (if known) | **25-00228** |
|---|---|---|---|
| | Name | | |

| 3.1 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$21,569.04** |
|---|---|---|---|

**Aden Wansley Farms LLC**
**108 TWIN CREEKS DR.**
**Vicksburg, MS 39180**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.2 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$344,991.07** |
|---|---|---|---|

**ARO INC**
**3360 Floweree Rd.**
**Redwood, MS 39156**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.3 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,086,968.66** |
|---|---|---|---|

**B & B FARMS**
**P.O. Box 254**
**Valley Park, MS 39177**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.4 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$74,410.95** |
|---|---|---|---|

**BELLE MEADE PLANTATION**
**1306 RIVER BEND COVE**
**Vicksburg, MS 39183**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,055,566.19** |
|---|---|---|---|

**CIRCLE Z**
**3360 FLOWEREE RD.**
**Redwood, MS 39156**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,146,003.29** |
|---|---|---|---|

**CLARK & CLARK**
**755 FRONT ST.**
**Anguilla, MS 38721**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$175,389.43** |
|---|---|---|---|

**D&C FARMS**
**447 REDWOOD RD.**
**Redwood, MS 39156**

Contingent
Unliquidated
Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim: _

Is the claim subject to offset?   No   Yes

| Debtor | **Valley Park Elevator Inc** | | Case number (if known) | **25-00228** |
|---|---|---|---|---|
| | Name | | | |

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$102,611.60** |
|---|---|---|---|
| | **DAVID WANSLEY**<br>**120 BROOKWOOD DR.**<br>**Vicksburg, MS 39183** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$364,391.01** |
|---|---|---|---|
| | **EWING FARMS**<br>**P.O. BOX 485**<br>**Anguilla, MS 38721** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,153,312.16** |
|---|---|---|---|
| | **FLOWEREE PLANTING COMP**<br>**3360 FLOWEREE RD.**<br>**Redwood, MS 39156** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,392,317.31** |
|---|---|---|---|
| | **KELSO FARMS**<br>**419 OMEGA RD.**<br>**Rolling Fork, MS 39159** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$45,811.81** |
|---|---|---|---|
| | **MCKNIGHT IV, E. R. (MA**<br>**425 FOREST OAK LANE**<br>**Vicksburg, MS 39180** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.13 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$52,586.11** |
|---|---|---|---|
| | **TIM BARNETTE**<br>**1257 Dixie Rd**<br>**Rolling Fork, MS 39159** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| 3.14 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$209,880.71** |
|---|---|---|---|
| | **TOM LEE / DBA HINTSON**<br>**10850 HWY 3**<br>**Redwood, MS 39156** | Contingent<br>Unliquidated<br>Disputed | |
| | **Date(s) debt was incurred** _ | | |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _ | |
| | | Is the claim subject to offset?    No    Yes | |

| Debtor | **Valley Park Elevator Inc** | Case number (if known) | **25-00228** |
|---|---|---|---|
| | Name | | |

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $210,877.82 |
|---|---|---|---|

**WANSLEY PARTNERSHIP**
**120 Brookwood Dr**
**Vicksburg, MS 39183**

    ☐ Contingent
    ☐ Unliquidated
    ☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?    No    Yes

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $627,311.89 |
|---|---|---|---|

**WHITTEN & WHITTEN INC.**
**P.O. BOX 253**
**Valley Park, MS 39177**

    ☐ Contingent
    ☐ Unliquidated
    ☐ Disputed

**Date(s) debt was incurred** _

**Basis for the claim:** _

**Last 4 digits of account number** _

Is the claim subject to offset?    No    Yes

---

## Part 3:   List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Internal Revenue Servi Centralized Insolvency P.O. Box 7346 Philadelphia, PA 19101-7346** | Line **2.1**<br><br>Not listed. Explain ____ | _ |
| 4.2 | **MS Dept of Revenue c/o MS AG 550 High Street Jackson, MS 39201** | Line **2.2**<br><br>Not listed. Explain ____ | _ |
| 4.3 | **US Attorney General US Dept of Justice 950 Pennsylvania AveNW Washington, DC 20530-0001** | Line **2.1**<br><br>Not listed. Explain ____ | _ |

---

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.  Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 8,063,999.05 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 8,063,999.05 |

---

**Fill in this information to identify the case:**

Debtor name __**Valley Park Elevator Inc**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF MISSISSIPPI__

Case number (if known) __**25-00228**__

☐ Check if this is an amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal          Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.** State what the contract or lease is for and the nature of the debtor's interest | **A verbal agreement as follows:**<br>**1. Valley Park to maintain 20,000 bond**<br>**2. Valley Park to pay $1,000 per month rent, and**<br>**3. $7,500 per barge for each barge loaded. Valley Park receives the grain, unload trucks and Rocking B's Enterprise handles the stevedoring and marine equipment.** |
| State the term remaining | **month to month** |
| List the contract number of any government contract | **Rocking B's Enterprise**<br>**565 Industrial Dr**<br>**Vicksburg, MS 39183** |

**Fill in this information to identify the case:**

Debtor name     **Valley Park Elevator Inc**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known)     **25-00228**

☐ Check if this is an amended filing

# Official Form 206H
## Schedule H: Your Codebtors                                                                 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor**                                                                 *Column 2:* **Creditor**

|  | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 |  | Street | | ☐ D |
|  |  |  | | ☐ E/F |
|  |  | City          State          Zip Code | | ☐ G |
| 2.2 |  | Street | | ☐ D |
|  |  |  | | ☐ E/F |
|  |  | City          State          Zip Code | | ☐ G |
| 2.3 |  | Street | | ☐ D |
|  |  |  | | ☐ E/F |
|  |  | City          State          Zip Code | | ☐ G |
| 2.4 |  | Street | | ☐ D |
|  |  |  | | ☐ E/F |
|  |  | City          State          Zip Code | | ☐ G |



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: August 11, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

    **VALLEY PARK ELEVATOR INC.,**          **CASE NO. 25-00228-JAW**

    **DEBTOR.**          **CHAPTER 11**

### ORDER APPROVING DISCLOSURE STATEMENT AND FIXING TIME FOR FILING ACCEPTANCES OR REJECTIONS TO THE PLAN OF REORGANIZATION COMBINED WITH A HEARING NOTICE THEREOF

    The Disclosure Statement under Chapter 11 of the Bankruptcy Code having been filed by the Debtor on May 29, 2025, (Dkt. #60) and the Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtor on May 29, 2025, (Dkt. #59); and the Court having determined that any objections were resolved and that the Disclosure Statement contains adequate information pursuant to 11 U.S.C. Section 1125:

    IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

    (1)    The Disclosure Statement is approved.

    (2)    The 7th day of October 2025 is fixed as the last day for filing written objections to confirmation of the Plan.

    (3)    The 17th day of October 2025 is fixed as the last day for submitting ballots of acceptance or rejection of the Plan with the attorney for the Debtor. (Address of Debtor's attorney: Thomas Carl Rollins, Jr, The Rollins Law Firm, PLLC, P O Box 13767, Jackson, MS 39236).

(4)    A corporation, partnership, trust, or other business entity, other than a sole proprietorship, may not appear or act on its own behalf without counsel except for limited purposes. MISS. BANKR. L.R. 9010-1(b)(2)(C). One of these limited purposes allows such an entity to file a ballot without counsel.

(5)    A hearing on confirmation of the Plan will be held on October 21, 2025, at 10:00 AM, in the Thad Cochran U. S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi. Testimony will be taken. Witnesses should attend.

(6)    The attorney for the Debtor shall cause to be mailed to each creditor, the United States Trustee, and other parties in interest a copy of the following:

    (A)  This Order;
    (B)  The approved Disclosure Statement;
    (C)  The proposed Plan of Reorganization; and
    (D)  A ballot form for voting on the acceptance or rejection of the Plan which should be returned to the Debtor's attorney and not the Court.

(7)    This mailing shall be completed within 5 days from the date of this Order.

(8)    The attorney for the Debtor shall file a Certificate of Service with the Court, listing the name and address of each party served, immediately after the mailing of this Order with the enclosures specified herein.

##END OF ORDER##

**SO ORDERED,**





**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: August 11, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**    **Valley Park Elevator Inc, Debtor**        **Case No. 25-00228-JAW**
                                                    **CHAPTER 11**

### ORDER ON DISCLOSURE STATEMENT

This matter came before the Court on the Debtor's Disclosure Statement (Dkt. # 60). The Debtor has received informal comments from United Bank in lieu of filing an objection to the Disclosure Statement. As reflected by the approval of counsel on this Order, the Disclosure Statement is approved by agreement with the following amendment that is deemed incorporated into the Disclosure Statement:

      **IT IS THEREFORE ORDERED** that the Disclosure Statement is deemed amended to provide that the Debtor and United Bank are reserved all rights, claims, and defenses regarding the perfection, validity, or enforceability of United Bank's alleged liens. A copy of this Order shall be included in the solicitation package provided to creditors and parties in interest.

### ## END OF ORDER ##

Agreed by:

/s/ Thomas C. Rollins, Jr.                   /s/ Jeffrey R. Barber
Thomas C. Rollins, Jr. (MSB #103469)        Jeffrey R. Barber (MSB #1982)

Thomas C. Rollins, Jr. (MSB #103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com
Attorney for Valley Park Elevator, Inc.


Jeffrey R. Barber (MSB #1982)
JONES WALKER LLP
3100 North State Street, Suite 300 (39216)
Post Office Box 427
Jackson, Mississippi 39205-0427
Telephone (601) 949-4765
Telecopy (601) 949-4804
jbarber@joneswalker.com
Attorney for United Bank

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     **Valley Park Elevator Inc, Debtor**     Case No. 25-00228-JAW
                                                          **CHAPTER 11**

### PLAN OF REORGANIZATION

Valley Park Elevator, Inc. ("VPE"), Debtor-in-Possession in the above entitled Chapter 11, proposes the following Plan of Organization. The capitalized terms in this Plan shall have the same meaning described or defined in the Disclosure Statement. If a term is not defined in the Disclosure Statement but is defined in the Bankruptcy Code, the definition provided in the Bankruptcy Code will apply.

### Administrative Costs

All allowed expenses of administration of attorneys for the Debtor, to be paid as and when due, to the extent allowed and ordered by the Court.

On February 25, 2025, an Order (Dk # 39) was entered employing Thomas Rollins and David Lynch as attorneys for VPE. At the time of this disclosure statement and Plan being filed, no fee application has been filed on behalf of Debtor's attorneys.

The Debtor/Reorganized Debtor shall pay to the United States Trustee, the appropriate sum required by 28 U.S.C. § 1903(a)(6) within ten (10) days of the entry of an order confirming the Debtor's plan.

The Debtor/Reorganized Debtor shall timely pay to the United States Trustee any and all post confirmation quarterly fees as required by 28 U.S.C. § 1903(a)(6) until such time as this case is converted, dismissed or closed by the court. Additionally, the Debtor/Reorganized Debtor shall submit to the United States Trustee post confirmation monthly operating reports in

the format prescribed by the United States Trustee until such time as this case is converted, dismissed, or closed by the Court.

## **Classification and Treatment of Claims**

<u>Class 1 Creditors.</u>        Class 1 consists of the administrative claims as follows:

Debtor's counsel,Thomas Rollins and David Lynch  shall be paid upon entry of an order approving fees.

<u>Class 2 Creditor.</u>        Class 2 consists of unsecured priority claims of the Internal Revenue Service ("IRS") and Mississippi Department of Revenue ("MDoR") (collectively "Taxing Authority")

The Debtor acknowledges that the IRS and MDoR may assert claims against the Debtor entitled to priority under 11 U.S.C. § 507(a)(8) (the "Priority Tax Claims").  In the event a Taxing Authority amends a previously filed General Unsecured Claim to assert a Priority Tax Claim, such amended Priority Tax Claim shall be paid in cash on the Effective Date of the Plan or as soon as practicable thereafter.

The Debtor reserves the right to object to any Priority Tax Claim.

<u>Class 3 Creditors.</u>        United Bank – Term Loan

United Bank's ("United") claim shall be treated as impaired under this Chapter 11 Plan (the "Plan").  United holds a secured claim against the Debtor, which is secured by a perfected lien on certain real estate owned by the Debtor; and an unperfected lien on a bank account held by the Debtor.  The Debtor shall pay the claim in full on the Effective Date.  United filed a consolidated Proof of Claim encompassing multiple obligations. Upon full payment of the portion of the claim attributable to the term loan, the liens securing that portion shall be deemed satisfied and shall be promptly released and extinguished..

<u>Class 4 Creditors</u>       United Bank – Letters of Credit

Effective as of the Plan Effective Date, the Debtor shall take all necessary actions to cancel Irrevocable Standby Letters of Credit Nos. 111654 and 111655 (the "Letters of Credit") issued by United Bank (the "Issuing Bank"). The Debtor has provided written notice to the Issuing Bank requesting cancellation of the Letters of Credit pursuant to the terms thereof and this Plan. Issuing Bank shall promptly cancel the Letters of Credit and provide written confirmation of such cancellation to the Debtor upon their expiration on July 31, 2025.

Upon cancellation of the Letters of Credit, the Issuing Bank shall immediately release and return to the Debtor the certificate of deposit in the amount of $500,000 (the "CD") that secures the Letters of Credit.

United Bank shall execute any documents reasonably requested by the Debtor to evidence the release of the CD and termination of any security interest therein.

<u>Class 5 Creditors</u>       U.S. Small Business Administration

U.S. Small Business Administration ("SBA") holds a secured claim against the Debtor, which is secured by:

(a) A perfected lien on all of Debtor's property.

SBA 's claim shall be treated as unimpaired under this Chapter 11 Plan (the "Plan"). The Debtor shall continue to pay SBA's claim according to the original contract terms, without modification of:

(a) The interest rate;

(b) The maturity date;

(c) The amortization schedule; or

(d) Any other material terms of the original agreement.

SBA shall retain its lien on the Debtor's property to the extent and priority that such lien existed as of the Petition Date. The perfected lien, if any, on Debtor's property shall remain in full force and effect. In the event of a default by the Debtor under this Plan:

(a) SBA shall provide written notice of default to the Debtor and the Debtor's counsel;

(b) The Debtor shall have 14 days from receipt of such notice to cure the default;

(c) If the default is not cured within the cure period, SBA may exercise any remedies available under the original contract and applicable non-bankruptcy law.

<u>Class 6 Creditors.</u>    <u>KCoe Isom, LLP (Unsecured Claim for Pre-petition professional services)</u>

KCoe Isom, LLP's unsecured claim shall be paid in full upon confirmation.

<u>Class 7 Creditors.</u>    Other General Unsecured Creditors

On the Effective Date, each holder of an Allowed General Unsecured Claim, other than KCoe Isom, LLP, shall receive, in full and final satisfaction, settlement, release, and discharge of such Allowed General Unsecured Claim, its Pro Rata share of 100% of the New Common Stock to be issued by the Reorganized Debtor.

The New Common Stock shall be distributed to holders of Allowed General Unsecured Claims in proportion to the amount of each holder's Allowed General Unsecured Claim relative to the aggregate amount of all Allowed General Unsecured Claims.

By accepting the New Common Stock, holders of Allowed General Unsecured Claims shall become the owners of the Reorganized Debtor.

As equity owners of the Reorganized Debtor, holders of the New Common Stock shall have the right to share in any future profits and/or distributions made by the Reorganized Debtor in accordance with applicable law and the Reorganized Debtor's organizational documents.

In exchange for the New Common Stock and rights provided herein, holders of Allowed General Unsecured Claims waive any other rights or claims against the Debtor or Reorganized Debtor.

Class 7 Creditors.        Equity Interests

The interests of equity security holders shall be cancelled and terminated upon confirmation of the Plan of Reorganizations.

Executory Contracts and Unexpired Leases.

The Debtor currently maintains a month-to-month agreement with Rocking B's Enterprises to lease outside facilities at a rate of $1,000.00 per month. In addition, the Debtor pays Rocking B's Enterprises $7,500.00 per barge load for stevedoring services and use of marine equipment. The Debtor assumes this agreement/contract as part of its ongoing operations.

Any other executory contract or unexpired lease that VPE is a party to will be deem rejected as of the effective date unless previously assumed by motion and order of the court. Claims created by the rejection of an executory contract or lease will be served on Debtor's counsel and filed with the court within sixty (60) days after entry of the final Order Confirming the Plan.  Any claim not filed within such time will be forever barred as against the estate and the Debtor.  Claim arising from the rejection of executory contracts or unexpired leases will be treated as

**Means for Execution of the Plan**

The Debtor seeks to confirm a Chapter 11 plan that pays secured claims in full and converts unsecured claims into equity in the Reorganized Debtor.  Under the plan, unsecured creditors will receive an equity interest in the Reorganized Debtor in proportion to their

unsecured claims. Unsecured creditors will not receive any cash distribution but will instead accept ownership of the Reorganized Debtor and the right to share in future profits and distributions. The Debtor plans to restructure its business model by shifting from operating as a grain dealer to operating primarily as a grain storage facility. The Debtor will either establish a line of credit or place the appropriate security bond with the Mississippi Department of Agriculture to secure the necessary Grain Warehouse License to operate as a grain storage facility in accordance with Mississippi Code Ssection 75-44-9.

VPE may amend, modify or withdraw the plan at any time prior to confirmation without the approval of the Court. After confirmation, VPE may only modify the plan before substantial consummation and with the approval of the Court.

### Revesting of Property

Except as otherwise provided herein or the confirmation order, confirmation of the Plan vests all property of the estate in VPE. Subsequent to confirmation of the Plan, VPE may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

### Invalidation of Liens and Discharge

All liens securing claims which are not allowed pursuant to the provisions of the Plan or Bankruptcy Code §§502 and 506 shall be invalidated and deemed null and void and of no further force in effect. The provisions of the confirmed plan shall bind all creditors and parties in interest whether they accept the plan. Unless otherwise specifically provided to the contrary herein or in the confirmation Order, on or after confirmation, all holders of claims or interest shall be precluded from asserting any claim against VPE or its assets or properties.

Pursuant to section 1141(d) of the Bankruptcy Code and except as otherwise expressly provided in this Plan or the Confirmation Order, upon the Effective Date, which shall be the date

of entry of the Confirmation Order, all pre-petition debts, claims, liens, encumbrances, and liabilities of any kind or nature whatsoever against the Debtor or any of its assets or properties, including, without limitation, interest accrued on such claims from and after the Petition Date, shall be immediately and forever discharged, released, and extinguished.

On and after the Effective Date, the Debtor and its estate shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims and debts that arose before the Confirmation Date, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code; or (iii) the holder of a Claim based upon such debt has accepted the Plan.

The discharge granted hereunder shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim.

Except as otherwise provided in the Plan or Confirmation Order, on and after the Effective Date, all entities who have held, currently hold, or may hold a debt, Claim, or other liability that is discharged are permanently enjoined from taking any of the following actions on account of any such discharged debt, Claim, or other liability: (i) commencing or continuing in any manner any action or other proceeding against the Debtor or its property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor or its property; (iii) creating, perfecting, or enforcing any lien or encumbrance against the Debtor or its property; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (v) commencing or

continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

Nothing in this Plan shall be deemed to discharge, release, or otherwise affect any debt or Claim that is not dischargeable under section 1141(d)(2) or section 1141(d)(3) of the Bankruptcy Code or other applicable law.

### United States Trustee's Fees

VPE shall timely pay to the United States Trustee any and all post confirmation quarterly fees as required by 28 U.S.C. §1930(a)6 until such time as this case is converted, dismissed or closed by the Court. VPE shall timely submit to the United State Trustee post confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

### Reservation of Rights to Bring Claims

VPE, as representative of the bankruptcy estate, reserves the exclusive right to initiate and pursue any and all claims and causes of action belonging to the estate, including but not limited to avoidance actions, under the jurisdiction of the courts of the State of Mississippi and subject to the applicable laws and regulations of Mississippi (the "Mississippi Claims") in addition to, and not in limitation of, the Debtor's rights under the Bankruptcy Code.

VPE reserves the right to pursue any and all claims that it may have against related entities and insiders.

Any funds recovered from these causes of action will be used to fund the Plan.

### Modification of the Plan

VPE may propose amendments or modifications of this Plan prior to confirmation, in the manner provided for in 11 U.S.C., §1127, and the applicable Bankruptcy Rules. After

confirmation, Debtor may amend the Plan in the manner provided in 11 U.S.C. §1127, and the applicable Bankruptcy Rules. The notice and hearing required by each Code section shall be given to all creditors. The Court may, at any time, so long as it does not materially or adversely affect the interest of the creditors, remedy any deficit or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effects of the Plan.

## Jurisdiction of the Court

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

A.      The classification of the claim of any creditor and the re-examination of the claims that have been allowed for the purpose of determining of such objections as may be filed to creditors' claims. The failure to object to or to examine any claim for the purpose of determining acceptances shall not be deemed to be a waiver of the right to object to or re-examine the claim, in whole or in part.

B.      The termination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to pending action as the date of confirmation between the Debtor and any other party, including but not limited to any right of the Debtor to recover assets pursuant to the provisions of the Code.

C.      The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in this Plan, or in the Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan, on notice or ex parte, as the Court shall determine to be appropriate.

D.      The Modification or enforcement of this Plan after confirmation, pursuant to the Bankruptcy Rules and the Code.

E.      The enforcement and interpretation of the terms and conditions of this Plan.

F.      The entry of any Order necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions, or such title, rights and powers as this Court may deem necessary.

G.      The entry of an Order concluding and terminating this case.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
     Thomas C. Rollins, Jr.
     Attorney for Valley Park Elevator, Inc.

Of Counsel:

| | |
|---|---|
| Thomas C. Rollins, Jr. (MSBN 103469) | David R. Lynch (MSBN 102595) |
| The Rollins Law Firm | Lynch Law, PLLC |
| P.O. Box 13767 | P.O. Box 12229 |
| Jackson, MS 39236 | Jackson, MS 39236 |
| 601.500.5333 | (601) 812-5104 |
| trollins@therollinsfirm.com | david@thelynchlawfirm.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

VALLEY PARK ELEVATOR INC

CASE NO: 25-00228

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 11

On 8/14/2025, I did cause a copy of the following documents, described below,

Certificate of Service

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/14/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

VALLEY PARK ELEVATOR INC

CASE NO: 25-00228

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11

On 8/14/2025, a copy of the following documents, described below,

Certificate of Service

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/14/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-00228
SOUTHERN DISTRICT OF MISSISSIPPI
THU AUG 14 11-41-57 PST 2025

EXCLUDE
(U)ARO  INC

EXCLUDE
(U)ADEN WANSLEY FARMS  LLC

EXCLUDE
(U)B  B FARMS

EXCLUDE
(U)BELLE MEADE PLANTATION

BLUE CROSS BLUE SHIELD OF MISSISSIPPI
A MUT
221 SUNNYBROOK ROAD
SUITE B
RIDGELAND  MS 39157-2206

EXCLUDE
(U)CIRCLE Z

EXCLUDE
(U)CLARK  CLARK

EXCLUDE
(U)D  C FARMS

EXCLUDE
(U)DAVID WANSLEY

EXCLUDE
(U)E R MCKNIGHT  IV

EXCLUDE
(U)EWING FARMS

EXCLUDE
(U)FLOWEREE PLANTING CO

EXCLUDE
(U)KELSO FARMS

UNITED BANK
CO JEFFREY R BARBER  ESQ
JONES WALKER LLP
P O BOX 427
JACKSON  MS 39205-0427

DEBTOR
VALLEY PARK ELEVATOR INC
PO BOX 188
VALLEY PARK  MS 39177-0188

EXCLUDE
(U)WANSLEY PARTNERSHIP

EXCLUDE
(U)WHITTEN  WHITTEN  INC

EXCLUDE
US BANKRUPTCY COURT
THAD COCHRAN US COURTHOUSE
501 E COURT STREET
SUITE 2300
JACKSON  MS 39201 5036

ADEN BROTHERS
3730 REDWOOD RD
VICKSBURG  MS 39183-8025

ADEN FARMS
3730 REDWOOD RD
VICKSBURG  MS 39183-8025

ADEN JR  WILLIAM B
JEFF WONG
205 CHARLESTON DR
VICKSBURG  MS 39180-4841

ADEN WANSLEY
108 TWIN CREEKS DR
VICKSBURG  MS 39180-4843

ADEN MERRITT
3730 REDWOOD RD
VICKSBURG  MS 39183-8025

ANDERSON TULLY COMPANY
775 RIDGELAKE BLVD
SUITE 105
MEMPHIS  TN 38120-9461

ARK LA MISS FARMS
7716 OLD CANTON RD
MADISON  MS 39110-9299

ARO INC
JAKE DOMBUSCH
3360 FLOWEREE RD
REDWOOD  MS 39156-9058

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

ATWOOD  EMMETT R
PO BOX 79
VICKSBURG  MS 39181-0079

ADEN WANSLEY FARMS LLC
ADEN WANSLEY
108 TWIN CREEKS DR
VICKSBURG  MS 39180-4843

ANDREW M WILSON  ESQ
BENNETT LOTTERHOS SULSER  WILSON  PA
ATTY FOR BLUE CROSS  BLUE SHIELD OF MI
PO BOX 1488
JACKSON  MS 39215-1488

B  B FARMS
MELINDA BRAXTON
PO BOX 254
VALLEY PARK  MS 39177-0254

BACONIA PLANTATION INC
PO BOX 335
CARY  MS 39054-0335

BARTON FARM LLC
PO BOX 9
RAYMOND  MS 39154-0009

BELLE MEADE PLANTATION
1306 RIVER BEND COVE
VICKSBURG  MS 39183-8756

BOLL PLANTING COMPANY
PO BOX 326
ROLLING FORK  MS 39159-0326

BOYKIN BROTHERS
PO BOX 254
HOLLANDALE  MS 38748-0254

BRADWAY  BRAD
206 TURNBERRY LANE
STARKVILLE  MS 39759-5508

BRAXTON JR  ROBERT E
PO BOX 254
VALLEY PARK  MS 39177-0254

BELLE MEADE PLANTATION
ER MCKNIGHT  IV
1306 RIVER BEND COVE
VICKSBURG  MS 39183-8756

CARY ASSOCIATES
PO BOX 187
ROLLING FORK  MS 39159-0187

CIRCLE Z
JAKE DOMBUSCH
3360 FLOWEREE RD
REDWOOD  MS 39156-9058

CLARK  CLARK
CJ CLARK
755 FRONT ST
ANGUILLA  MS 38721-9425

CLAY  ROBERT
343 CONNER RD
ROLLING FORK  MS 39159-5426

DC FARMS
DOUG JETER
447 REDWOOD RD
REDWOOD  MS 39156-7029

DAVID WANSLEY
120 BROOKWOOD DR
VICKSBURG  MS 39183-8101

DELTA WILDLIFE FORESTR
MR STEVE BRUNSON
PO BOX 1720
COLLIERVILLE  TN 38027-1720

DORNBUSCH AJ
3307 HIGHLAND DR
VICKSBURG  MS 39180-4552

DORNBUSCH  JAKE
3360 FLOWEREE RD
REDWOOD  MS 39156-9058

DOUGLAS JETER JR
447 REDWOOD RD
REDWOOD  MS 39156-7029

DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE
P O BOX 7346
PHILADELPHIA  PA 19101-7346

ER MCKNIGHT  IV
425 FOREST OAK LANE
VICKSBURG  MS 39180-3403

ELLIS  GARY
2221 BROWN RD
HOLLANDALE  MS 38748-9664

EILEEN N SHAFFER  ESQ
COUNSEL FOR ARO  INC
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR ADEN WANSLEY FARMS  LLC
PO BOX 1177
JACKSON  MS 39215-1177

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

EILEEN N SHAFFER  ESQ
COUNSEL FOR BB FARMS
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR BELLE MEADE PLANTATION
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR CIRCLE Z
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR CLARK  CLARK
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR DC FARMS
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR DAVID WANSLEY
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR ER MCKNIGHT  IV
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR EWING FARMS
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR FLOWEREE PLANTING CO
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR KELSO FARMS
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR TIM BARNETTE
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR TOM LEE  DBA HINTSON
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR WANSLEY PARTNERSHIP
PO BOX 1177
JACKSON  MS 39215-1177

EILEEN N SHAFFER  ESQ
COUNSEL FOR WHITTEN  WHITTEN  INC
PO BOX 1177
JACKSON  MS 39215-1177

EWING FARMS
MARTHA PELLEGRINMILTON C EWING III
PO BOX 485
ANGUILLA  MS 38721-0485

FLORENCE NEWMAN
PO BOX 234
VALLEY PARK  MS 39177-0234

FLOWEREE PLANTING COMPANY
JAKE DOMBUSCH
3360 FLOWEREE RD
REDWOOD  MS 39156-9058

FRISBEE  RALPH
DENNIS FRISBEE
17989 SE WALNUT HILL R
AMITY  OR 97101-2104

HAMLIN  HAMLIN NP
PO BOX 216
GRACE  MS 38745-0216

HAROLD  MAY
PO BOX 1249
CANTON  MS 39046-1249

HEIGLE FARMS  JUNIOR
11585 HWY 1
ROLLING FORK  MS 39159-5294

HELENA PARTNERS
PO BOX 247
ROLLING FORK  MS 39159-0247

HOWLE PLANTING COMPANY
137 JEFFERSON ST
ANGUILLA  MS 38721-9515

HINTSON FARMS
TOM LEE
10850 HWY 3
REDWOOD  MS 39156-9772

INTERNAL REVENUE SERVI
CO US ATTORNEY
ETHRIDGE BUILDING
900 JEFFERSON AVE
OXFORD  MS 38655-3608

(P)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
CO US ATTORNEY SD MISSISSIPPI
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.


J  J FARMS
204 MADISON RIDGE
VICKSBURG  MS 39180-3400

J K M FARMS
PO BOX 307
ANGUILLA  MS 38721-0307

JEFFREY RYAN BARBER  ESQ
JONES WALKER LLP
ATTY FOR UNITED BANK
PO BOX 427
JACKSON  MS 39205-0427


KCOE ISOM  LLP
ATTN CATHY INGRAM
3030 CORTLAND CIRCLE
SALINA KS 67401-7874

KELSO FARMS
419 OMEGA RD
ROLLING FORK  MS 39159-4994

KELSO FARMS
CO DAVID JOHNSON
419 OMEGA RD
ROLLING FORK  MS 39159-4994


LR FARMS
661 BLACK BAYOU RD
ROLLING FORK  MS 39159-4939

LARRY D WHITTEN
PO BOX 215
VALLEY PARK  MS 39177-0215

LITTLE ONWARD PLANTATI
361 WEST LAKEVIEW
YAZOO CITY  MS 39194-4788


MARTIN PLANTATION
PO BOX 537
ROLLING FORK  MS 39159

MCKNIGHT  SONS  ER
1306 RIVER BEND COVE
VICKSBURG  MS 39183-8756

MCKNIGHT IV  E R (MA
425 FOREST OAK LANE
VICKSBURG  MS 39180-3403


MS DEPT OF REVENUE
CO MS AG
550 HIGH STREET
JACKSON  MS 39201-1111

(P)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

MARCUS M WILSON  ESQ
BENNETT LOTTERHOS SULSER  WILSON  PA
ATTY FOR BLUE CROSS  BLUE SHIELD OF MI
PO BOX 1488
JACKSON  MS 39215-1488


MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 22808
JACKSON  MS 39225-2808

MITCHELL WILLIS
SAM FARMS
1310 MULBERRY
VICKSBURG  MS 39180-3242

O J SHARPE FARM
431 CONNER RD
ROLLING FORK  MS 39159-5289


PORTER  CLIFTON  HOPE
1221 WOODBERRY DR
MADISON  MS 39110-7764

PRESLEY  MICHAEL
PO BOX 463
BENTONIA  MS 39040-0463

ROBERT BRAXTON SR
MRS MARY BRAXTON
PO BOX 284
VALLEY PARK  MS 39177-0284


ROCKING B S ENTERPRISE
565 INDUSTRIAL DR
VICKSBURG  MS 39183-8689

~~EXCLUDE~~
~~(U)SAM FARMS GENERAL PART~~
~~MITCHELL WILLIS~~
~~ADDRESS UNKNOWN~~

SANDY BAYOU FARMS
1290 MATTHEWS RD
ROLLING FORK  MS 39159-2368


SHIPLAND FARMS
47 FITLER RD
ROLLING FORK  MS 39159-4999

SIMITH  JAMES W
PO DRAWER 1987
LAUREL  MS 39441-1987

SIMRALL  SIMRALL
5040 HWY 3
REDWOOD  MS 39156-9038

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

SIMRALL  JOHN K
5040 HWY 3
REDWOOD  MS 39156-9038

SMALL BUSINESS ADMINIS
PO BOX 740192
ATLANTA  GA 30374-0192

THOMAS GREY WINDHAM
229 CARTER DR
ROLLING FORK  MS 39159-3001

TIM BARNETTE
1257 DIXIE RD
ROLLING FORK  MS 39159-4973

TOP DOG FARM
PO BOX 187
ROLLING FORK  MS 39159-0187

TOWELL  JIM
RT 2  BOX 220
NORWOOD  MO 65717

US ATTORNEY SD MISSISSIPPI
CO INTERNAL REVENUE SERVICE
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US ATTORNEY SD MISSISSIPPI
CO US SECURITIES AND EXCHANGE COMMISS
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

US ATTORNEYS OFFICE
501 E COURT ST
STE 4430
JACKSON  MS 39201-5025

US SECURITIES AND EXCHANGE COMMISSION
OFFICE OF REORGANIZATION
950 EAST PACES FERRY ROAD  SUITE 900
ATLANTA  GA 30326-1382

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20530-0001

UNITED BANK
PO BOX 8
ATMORE  AL 36504-0008

UNITED BANK
CO JEFFREY R BARBER  ESQ
JONES WALKER LLP
3100 N STATE ST  STE 300
JACKSON  MS 39216-4013

~~EXCLUDE~~
~~UNITED STATES TRUSTEE~~
~~501 EAST COURT STREET~~
~~SUITE 6 430~~
~~JACKSON  MS 39201-5022~~

VALLEY PARK PLANTATION
PO BOX 1101
VICKSBURG  MS 39181-1101

WANSLEY PARTNERSHIP
DAVID WANSLEY
120 BROOKWOOD DR
VICKSBURG  MS 39183-8101

WARREN FARMS JOINT VEN
108 LEXINGTON DR
MADISON  MS 39110-6952

WAYE WINDHAM FARMS
3363 WILLETTE RD
ROLLING FORK  MS 39159-5073

WBS  INC
106 CHANDLERS COVE
VICKSBURG  MS 39183-7987

WHITTEN  WHITTEN INC
BRAD WHITTEN AND BILLY WHITTEN
PO BOX 253
VALLEY PARK  MS 39177-0253

WHITTEN III  JAMES W
PO BOX 253
VALLEY PARK  MS 39177-0253

WHITTEN JR  JAMES W
PO BOX 253
VALLEY PARK  MS 39177-0253

WHITTEN  BRADLEY
PO BOX 253
VALLEY PARK  MS 39177-0253

WHITTEN  MARY E
PO BOX 253
VALLEY PARK  MS 39177-0253

WILKES AND COMPANY
DAN WILKES
5305 FLOWEREE RD
REDWOOD  MS 39156

WILLIS JR  JESSE
126 WOODSTONE DR
VICKSBURG  MS 39183-8768

WILLIS SR  JESSE
LUKE WILLIS
276 WILLIS RD
ROLLING FORK  MS 39159-4976

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

WOODRUFF INC  W C
586 GRACE RD
GLEN ALLEN  MS 38744-9726

WOODRUFF  RODNEY
PATRICIA SMITH WOODR
109 CLARKDELL RD
GLUCKSTAT  MS 39110-7511

DAVID R LYNCH
THE LYNCH LAW FIRM  PLLC
P O BOX 12229
JACKSON  MS 39236-2229

THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767

~~EXCLUDE~~
~~(U) TIM BARNETTE~~

~~EXCLUDE~~
~~(U) TOM LEE   DBA HINTSON~~