UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

IN RE:

VALLEY PARK ELEVATOR INC.,             CASE NO. 25-00228-JAW

DEBTOR.             CHAPTER 11

**CONDITIONAL OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION [*DKT. #59*]**

United Bank objects on a conditional basis to the *Plan of Reorganization* [Dkt. No. 59] ("**Plan**") filed by Valley Park Elevator Inc. ("**Debtor**") in the above-referenced Chapter 11 proceeding.[1] In support thereof, United Bank states as follows:

1. The Plan places United Bank's claims in Classes 3 and 4.

2. Class 4 of the Plan is moot. The Debtor was obligated to United Bank in connection with two letters of credit issued in favor of the Mississippi Department of Agriculture & Commerce in the collective amount of $1,033,000.00. However, the two letters of credit expired post-petition and were not renewed. The Certificate of Deposit that served as collateral for those letters of credit was returned to the Debtor post-petition.

3. The Plan states under Class 3 that United Bank's interest in a debtor-in-possession account is unperfected. That statement is incorrect. In exchange for United Bank permitting transfer to a debtor-in-possession account of funds that had been perfected by United Bank's possession, a prior order of this Court preserved United Bank's perfection-by-possession status:

> The transfer of the funds from the UB/VP Accounts to the Segregated DIP Accounts <u>will not affect the validity, priority, or extent of United Bank's pre-petition lien in and to such funds, and United Bank will retain in the Segregated DIP Accounts the rights of a party in control of a deposit account under Miss.</u>

---

[1] This Objection is styled as "conditional," the condition being that United Bank and the Debtor are in discussions that may resolve issues associated with the Plan and permit United Bank to withdraw its Objection. United Bank files this Objection timely out of an abundance of caution and reserves all rights to pursue this Objection in the event the issues are not resolved.

#110036737v1

Code Ann. § 75-9-314[2] and Miss. Code Ann. § 75-9-104.[3] Likewise, no provision of a UST-approved depository deposit agreement granting such depository lien or setoff rights shall have priority over United Bank's interest in the Segregated DIP Accounts. To the extent practicable, the Debtor will request that the UST-approved depository execute an account control agreement consistent with the provisions of this paragraph. However, failure to execute an account control agreement will not affect the rights granted to United Bank herein."

*Final Agreed Order for use of Cash Collateral and Granting Adequate Protection*, ¶2 (emphasis added).

4. Even apart from the funds in the debtor-in-possession account, United Bank is over-secured by real property. The Debtor asserts in its *Schedules* [Dkt. No. 30] that the real property securing United Bank's claim is valued in excess of $2.2 million. Since United Bank's claim is just under $1.5 million, it is an over-secured creditor entitled to interest and other charges allowed by Section 506 of the Bankruptcy Code. Although the Plan provides that the Debtor "shall pay the claim in full on the Effective Date," the Debtor and United Bank are not yet in agreement on what constitutes "full" amount of the claim. United Bank reserves all rights in connection with its claim.

5. The Plan may not satisfy all applicable provisions of Sections 1129(a) or (b) of the Bankruptcy Code.

---

[2] Miss. Code Ann. § 75-9-314 (a) and (b) provides:

**(a)** A security interest in investment property, deposit accounts, letter-of-credit rights, electronic chattel paper, or electronic documents may be perfected by control of the collateral under Section 75-7-106, 75-9-104, 75-9-105, 75-9-106 or 75-9-107.

**(b)** A security interest in deposit accounts, electronic chattel paper, letter-of-credit rights, or electronic documents is perfected by control under Section 75-7-106, 75-9-104, 75-9-105 or 75-9-107 when the secured party obtains control and remains perfected by control only while the secured party retains control. (Emphasis added).

[3] Miss. Code Ann. § 75-9-104 provides:

A secured party has control of a deposit account if: **(1)** The secured party is the bank with which the deposit account is maintained; … or **(3)** The secured party becomes the bank's customer with respect to the deposit account. (Emphasis added).

WHEREFORE, United Bank objects to the Plan unless the Debtor and United Bank are able to reach a resolution. Alternatively, United Bank requests such other and further relief as the Court deems just and appropriate.

DATED: October 7, 2025.

Respectfully submitted,

UNITED BANK

By Its Attorneys,
JONES WALKER LLP

*/s/ Jeffrey R. Barber*

Jeffrey R. Barber, MSB #1982
JONES WALKER LLP
3100 North State Street, Suite 300 (39216)
Post Office Box 427
Jackson, Mississippi 39205-0427
Telephone (601) 949-4765
Telecopy (601) 949-4804
jbarber@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

Office of U. S. Trustee
USTPRegion05.JA.ECF@usdoj.gov

Christopher J. Steiskal, Sr.
christopher.j.steiskal@doj.gov

#110036737v1

4

        David R. Lynch, Esq.
        david@thelynchlawfirm.com

        Thomas Carl Rollins, Jr.
        trollins@therollinsfirm.com

DATED: October 7, 2025.

        */s/ Jeffrey R. Barber*