**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Valley Park Elevator Inc, Debtor               Case No. 25-00228-JAW
                                                        **CHAPTER 11**

**MOTION TO INCUR DEBT**

COMES NOW Valley Park Elevator, Inc. ("Debtor" or "VPE"), the debtor and debtor-in-possession in the above-styled Chapter 11 proceeding, by and through undersigned counsel, and respectfully moves this Court pursuant to 11 U.S.C. §§ 363(b) and 364 for authority to borrow against certain life insurance policies in order to obtain necessary operating capital. In support thereof, the Debtor states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor operates a grain elevator business in Valley Park, Mississippi. United Bank ("United") holds a claim secured, in part, by an assignment of certain New York Life insurance policies owned by the Debtor. The Debtor's proposed Chapter 11 plan (the "Plan"), which is scheduled for imminent confirmation, provides that United will be paid in full within fourteen (14) days after confirmation.

3. To provide interim operating capital, the Debtor seeks authority to borrow against the cash value of the following policies:

   Policy No. 48 502 381 - Loan in the amount of $180,000.

   Policy No. 61 198 370 - Loan in the amount of $290,000.

4. The loans will be made directly by New York Life under standard policy loan provisions. The loan terms are variable and set periodically by New York Life

5. United currently holds an assignment of the policies as collateral for its claim. The Debtor proposes that, pending satisfaction of United's secured claim under the confirmed Plan, United shall retain its existing lien and security interest in the policies and in the loan proceeds to the same extent, priority, and validity as existed prior to the filing of this Motion. Both Debtor and United shall be authorized to execute any documents, consents, or authorizations required by New York Life to effectuate the loans, without prejudice to United's

lien rights. Upon payment in full of United's claim pursuant to the Plan, United's liens shall be deemed satisfied and released. The liens will remain until the claim is paid in full.

6. The Debtor proposes that loan proceeds in the amount of $113,292.72 be deposited into the Segregated DIP Account maintained at Regions Bank (see Dk # 47), to be reserved and used exclusively for payment of United's secured claim in accordance with the terms of the confirmed Plan. The remaining proceeds, shall be deposited into the Debtor's DIP operating account maintained at Regions Bank and may be used for the Debtor's ordinary and necessary business operations.

7. The proposed borrowing is in the best interests of the estate and its creditors. It provides needed operating liquidity in the short period before Plan payments are completed, while preserving United's collateral position.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

1. Authorizing the Debtor to borrow $180,000 and $290,000 against Policy Nos. 48 502 381 and 61 198 370, respectively;
2. Authorizing both the Debtor and United Bank to execute all documents, consents, and authorizations necessary to effectuate such borrowing;
3. Providing that United shall retain its liens on the policies and proceeds until its claim is paid in full under the confirmed Plan, at which time such liens shall be deemed satisfied and released; and
4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MS Bar No. 103469)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533

## CERTIFICATE OF SERVICE

      I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the foregoing was forwarded on October 22, 2025, to the creditor, case trustee and U.S. Trustee as indicated in the "21 day notice" that accompanies this Motion.

      /s/ Thomas C. Rollins, Jr.
      Thomas C. Rollins, Jr.