___



**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: November 4, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.
___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Valley Park Elevator Inc, Debtor                    Case No. 25-00228-JAW
                                                              CHAPTER 11

### AGREED ORDER CONFIRMING PLAN OF REORGANIZATION

This cause came before the Court upon the Chapter 11 Plan of Reorganization (the "Plan") (Dkt. 59) filed by Valley Park Elevator, Inc. (the "Debtor"), and United Bank's ("United") Objection to Confirmation (Dkt. 78) and upon the agreement reached between the Debtor and United, the principal secured creditor of the Debtor. The Court, being advised in the premises and noting the consent of the parties, finds as follows.

The Plan has been confirmed by consent of all impaired classes and with the agreement of the United States Trustee. Accordingly, this is a consensual confirmation under 11 U.S.C. § 1129(a), and the Plan is binding upon the Debtor, all creditors, and other parties in interest as provided in 11 U.S.C. § 1141.The Plan complies with the provisions of Chapter 11 of Title 11, United States Code, and all applicable requirements of 11 U.S.C. §§ 1122, 1123, and 1129 have been satisfied.

The Debtor has proposed the Plan in good faith and not by any means forbidden by law. All payments made or promised by the Debtor for services, costs, or expenses in connection with this case or the Plan have been fully disclosed and are reasonable. The Plan is feasible and not likely to be followed by liquidation or the need for further reorganization, except as proposed in the Plan. The parties have reached agreement concerning the treatment of United Bank's claim as set forth below.

**IT IS, THEREFORE, ORDERED** that the Debtor's Plan of Reorganization filed May 29, 2025 (Dkt. 59) is hereby confirmed, subject to the provisions of this Order.

#110107534v2

**IT IS FURTHER ORDERED** that the Debtor and Reorganized Debtor shall be bound by all provisions of the confirmed Plan and this Agreed Order. All property of the estate shall revest in the Reorganized Debtor on the Effective Date, free and clear of all claims, liens, and encumbrances except as provided in the Plan or this Order. The Court retains jurisdiction as provided in Article XI of the Plan.

**IT IS FURTHER ORDERED** that Class 4 of the Plan (United Bank – Letters of Credit) is moot and deleted from the Plan.

**IT IS FURTHER ORDERED** that the Debtor stipulates that United Bank is oversecured and entitled to post-petition interest, fees, and charges pursuant to 11 U.S.C. § 506(b). Within ten (10) days of the Effective Date of the Plan, the Debtor shall remit to United Bank, in good and immediately available funds, the following amounts ("Payoff Amount"):

1) Principal: $1,338,640.01
2) Accrued interest through the date of payment; and
3) Legal Fees and expenses: $27,500.00, pursuant to Section 15 of the Promissory Note dated June 28, 2023.

**IT IS FURTHER ORDERED** that the Debtor has filed a Motion to Incur Debt against the "key man" life insurance policy pledged as part of United Bank's collateral. United Bank has consented to the Motion. Upon entry of an order authorizing the loan, United Bank shall execute such consents in favor of the lender as are necessary to allow the Debtor to obtain the approved loan. $113,292.72 of the loan proceeds of said loan shall then be deposited into the Segregated DIP Account maintained at Regions Bank (see Dk # 47) and United Bank shall retain its lien priority and security interest in the loan proceeds and other funds in the Segregated DIP Account until its claim has been paid in full in accordance with this Order and the confirmed Plan. The remaining loan proceeds shall be deposited into the Debtor's DIP operating account maintained at Regions Bank and may be used for the Debtor's ordinary and necessary business operations and United shall retain its liens on the policies and proceeds until United Bank shall receive the Payoff Amount, at which time such liens shall be deemed satisfied and released.

Upon receipt of the Payoff Amount in full, United Bank Shall:

1) Execute and record cancellations of all deeds of trust, UCC-1s, and other liens of record securing its claim; and

#110107534v2

2) Execute and deliver documents necessary to terminate its collateral assignment of the "key man" life insurance policy pledged as part of its collateral package.

**IT IS FURTHER ORDERED** that nothing in this Order shall alter the rights or obligations of any other creditor under the Plan unless expressly stated herein. The Debtor shall remain responsible for payment of U.S. Trustee fees and post-confirmation reporting as required by 28 U.S.C. § 1930(a)(6).

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to interpret, implement, and enforce the provisions of this Agreed Order and the confirmed Plan.

#END OF ORDER#

AGREED BY:

*/s/ Thomas C. Rollins, Jr.*
Thomas C. Rollins, Jr. (MS Bar No. 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.co
Attorney for Debtor

*/s/ Jeffrey R. Barber*
Jeffrey R. Barber (MSB #1982)
JONES WALKER LLP
3100 North State Street, Suite 300 (39216)
Post Office Box 427
Jackson, Mississippi  39205-0427
Telephone  (601) 949-4765
Telecopy  (601) 949-4804
jbarber@joneswalker.com

*/s/ Abigail M. Marbury*
Abigail M. Marbury (MSBN 99626)
Assistant U.S. Trustee
United States Department of Justice
Office of The United States Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201
(601) 965-5245
abigail.m.marbury@usdoj.gov

#110107534v2