IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                          **CHAPTER 11**

**VALLEY PARK ELEVATOR, INC.**                    **CASE NO. 25-00228-JAW**

       **Debtor**

**AMENDED FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES
FOR THE LYNCH LAW FIRM, PLLC**

COMES NOW The Lynch Law Firm, PLLC (the "Applicant"), counsel for the Debtor, and files this its *Amended First and Final Application for Allowance of Compensation and Reimbursement of Necessary Expenses* (the "Application"), and in support thereof would show unto the Court the following, to-wit:

1.     On January 29, 2025, the Debtor herein filed with this Court its original petition for bankruptcy under Chapter 11 of the Bankruptcy Code.

2.     On February 12, 2025, an Order [DK #39] approving the employment of the Applicant as attorneys for the Debtor was entered by the Court.

3.     The substantial services rendered to the Debtor and the expenses incurred by Applicant benefitted the estate. An Affidavit reflecting said legal services rendered and expenses incurred is attached hereto as Exhibit "A". The Affidavit also certifies and represents to the Court that the services rendered to the Debtor were reasonable and necessary and that said services have actually been rendered. A detailed itemization of such services and expenses is attached as Exhibit "B" and incorporated by reference.

4.       The fees and expenses charged and incurred represent reasonable and necessary fees and expenses that were required to be extended by Applicant to the Debtor in all matters which are anticipated to arise in the functioning of litigation matters, case administration and to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of the counsel's obligations herein; and they represent normal and customary fees and expenses incurred and charged for representation of debtors in similar cases. The time, skill and experience utilized by counsel for the Debtor justify the approval of the Application.

5.       This is the Applicant's first and final request for allowance of compensation for professional services rendered in this proceeding. This request covers the period from January 28, 2025, to and including January 29, 2026, and is for the sum of $38,681.25 in fees and $238.87 in expenses, less any retainer balance remaining.

6.       Applicant received a pre-petition retainer in the amount of $15,000.00, which was disclosed in the Disclosure of Compensation [DK #37] and approved by the Court in the Order Approving Employment [DK #39].

**Reasonableness of Fees – Johnson Factors**

7.       Applicant submits that the compensation requested herein is reasonable under 11 U.S.C. § 330 and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), as adopted by the Fifth Circuit and applied in bankruptcy cases. In particular:

8.       The time and labor required were significant given the complexity of the Chapter 11 proceedings, including case administration, negotiations with creditors, preparation of required filings, and plan confirmation work. The issues involved required knowledge and experience in

bankruptcy law and practice before this Court. The services were performed efficiently and at rates consistent with those customarily charged for comparable bankruptcy services in this district. The results obtained were favorable to the estate and its creditors, including successful administration of the case and confirmation of the Debtor's plan. Applicant's services were necessary to the administration of the estate and provided a tangible benefit to the Debtor and its creditors.

9. Considering the time expended, the customary rates for similar services, the experience and skill of counsel, and the results achieved, the compensation requested is fair and reasonable and should be allowed.

WHEREFORE, PREMISES CONSIDERED, Applicant requests that this Court enter an Order awarding reasonable attorneys' fees for the professional services rendered herein, on a final basis, and authorizing and directing the Debtor to pay said attorneys' fees and expenses, according to the terms of the confirmed plan. Applicant prays for general relief.

THIS, the 12th day of March, 2026.

Respectfully submitted,

LYNCH LAW, PLLC

By: /s/ David R. Lynch
David R. Lynch

OF COUNSEL:

David R. Lynch; MSB No. 102595
THE LYNCH LAW FIRM, PLLC
Post Office Box 12229
Jackson, Mississippi 39236
(601) 321-1977 - Telephone
david@thelynchlawfirm.com

## CERTIFICATE OF SERVICE

I, David R. Lynch, do hereby certify that I have caused to be served this date, via Notice of Electronic Filing, a true and correct copy of the above and foregoing instrument to the following:

Abigail M. Marbury, Esq.
Office of the United States Trustee
abigail.m.marbury@usdoj.gov

Jeffrey R. Barber, Esq.
Jones Walker LLP
Attorney for United Bank
jbarber@joneswalker.com

Eileen N. Shaffer, Esq.
Attorney for Unsecured Creditors
eshaffer@eshaffer-law.com

THIS, the 12th day of March, 2026.

/s/ David R. Lynch
David R. Lynch

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                              CHAPTER 11

VALLEY PARK ELEVATOR, INC.                      CASE NO. 25-00228-JAW

Debtor

EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                           CHAPTER 11

VALLEY PARK ELEVATOR, INC.                                  CASE NO. 25-00228-JAW

Debtor

EXHIBIT "B"

(Detailed Itemization of Services - See Attached Invoice #3775)